Controversy without action, submitted on an agreed statement of facts.
On 3 January, 1923, the plaintiffs and the defendant entered into a valid written contract whereby the plaintiffs agreed to sell and convey to the defendant, and the defendant agreed to purchase from plaintiffs, a good and indefeasible fee-simple title to four certain lots of land situate in the City of Charlotte, and being shown and designated as Lots Nos. 7, 8, 9 and 10, in block No. 2, on the map of the property of the Highland Park Company, which is recorded in the office of the register of deeds for said county, each of the said lots fronting 72 1/2 feet on the west side of Hawthorn Lane, with a depth of 193 feet. The said lots of land were to be conveyed free and clear of all liens and encumbrances and free and clear from all conditions and restrictions (363) limiting or affecting the use and occupancy thereof, except such restrictions and conditions as may have been placed on the same prohibiting the ownership and occupancy thereof by persons of the negro race.
The plaintiffs tendered to defendant a deed in due form for the said lots of land. The defendant refused to accept the deed and to comply with said contract, for that the Highland Park Company, the original owner of the whole tract of land, of which the aforesaid lots are a part, *Page 383 
conveyed Lot No. 9, in Block 2, by deed dated 17 September, 1902, with the following provisions incorporated therein:
"And in consideration of the premises it is expressly covenanted and agreed between the parties to this deed and made a condition thereof that the party of the second part, his heirs and assigns, shall use the lots hereby conveyed for residence lots only, and that any residence building that may be erected on said lots shall not cost less than $2,000; that no building shall be erected thereon within 25 feet of the street or avenue upon which the building fronts; and further, that no part of the property hereby conveyed shall ever be owned or occupied as a tenant by any colored person."
It is the contention of the defendant that on account of these provisions in the deed of the Highland Park Company, plaintiffs cannot convey to him a good and indefeasible fee-simple title to said Lot No. 9 in Block No. 2. The deeds for the other three lots, covered by the contract, contained no conditions or restrictions whatever, and there is no question raised as to the title thereto.
About the year 1893 the Highland Park Company, a corporation, acquired a large tract of land, of which the said lots of land above described are a part, which was then outside of the city of Charlotte, but is now located in the eastern section of said city; that said company caused to be made a map of a part of said property, showing a division into the lots and blocks, streets and alley-ways, a copy of the map being of record in the register's office in said county. Another slightly different map of the same area was caused to be made and recorded by the said company. A concise history of the conveyances of the said Highland Park Company of the property shown on said maps is as follows:
(a) 48 lots and a 20-acre tract were conveyed prior to the locus in quo
without restrictions;
(b) 29 lots were conveyed after the locus in quo without restrictions;
(c) 38 lots, represented by 23 deeds, were conveyed, subject to restrictions by four deeds before and nineteen deeds after the locus inquo.
The 20-acre tract referred to above was conveyed to Elizabeth College and was the first conveyance by the said Real Estate Company. The four deeds which were made prior to the deed for the locus in quo, contained provisions exactly similar to those above set out in the deed from the Highland Park Co. (364)
The plaintiffs have secured a deed in due form from the trustees, in dissolution of the Highland Park Company, who comprise all of the stockholders of the said company, releasing the locus in quo from all of the conditions and restrictions relative to its use and occupancy, and under which it was originally conveyed, in so far as the said company is concerned. *Page 384 
The Highland Park Company made no other conveyances, by reference to the two maps aforesaid, other than those referred to in the statement of facts agreed, and had no other maps showing said Block No. 2, other than the two maps above referred to.
It is agreed in the statement of facts that the plaintiffs are seized of a good and indefeasible fee-simple title to the lots of land first above mentioned, except in so far as such title is affected or limited by the conditions and restrictions purporting to limit the use and occupancy of the said lot, as set forth in the deed for Lot No. 9, Block 2, as aforesaid. In every one of the deeds of the Highland Park Company in which any conditions and limitations relative to the use and occupancy of the lands conveyed were inserted, with exception of two of such deeds, there occurred the following provision: "The party of the first part expressly reserves to itself all rights, privileges and easements in and upon its said property not expressly granted to the said party of the second part."
None of said deeds contained any clause of forfeiture in event of breach of said conditions.
All lots in Block 2, except Lot No. 9, the locus in quo, were conveyed without restrictions. The property directly across Hawthorn Lane, the 20-acre tract referred to, was conveyed without restrictions. All of the property in the fractional block, a cross Travis Avenue and adjacent to Block 2, was conveyed without restrictions. The greater portion of Block No. 1, across Elizabeth Avenue, was conveyed without restrictions. Lots Nos. 2 and 3 in Block 4, on the opposite side of 5th Street from the locusin quo, were conveyed without restrictions; and a number of other lots, as shown upon said maps, were conveyed without restrictions. A commercial green-house is now conducted upon a part of the Elizabeth College tract.
The property in Block No. 2 has become valuable on account of the fact that it is not subject to conditions and restrictions, and one-half of said block has been sold at the price of $100 per front foot, on account of the fact that the same may be used for business purposes. The purchasers thereof are contemplating the improvement of the same for business purposes.
Upon the controlling facts, as above stated, judgment was entered (365) in the Superior Court in favor of the plaintiffs, the reasons assigned for the conclusion reached by his Honor being as follows:
"It appearing that no uniform scheme of development of the property of said company shown upon the maps referred to in the agreed statement of facts had been adopted and put in force to such an extent as to give rights to the owners of lots shown upon said plan to insist upon *Page 385 
performance of the conditions contained in said deed, and that the conditions and restrictions inserted in said deed aforesaid as set forth in said agreed statement of facts were not inserted for the benefit of other remaining lands of grantor shown upon such maps, and that the right to the enforcement of such restrictions and conditions did not pass to subsequent grantees of lands shown upon said maps, it appearing that in every deed made by said development company conveying lands shown upon said maps in which such conditions and restrictions were inserted, except two, the said Highland Park Company reserved unto itself all rights in its lands not specifically granted by the terms of said deeds to the grantees therein; and it appearing further that in the deed conveying Lot No. 9 in Block No. 2 as aforesaid there was no clause providing for a forfeiture or reverter of the title to said lot in event of a breach of or failure to perform the conditions and restrictions as set forth in said deed; and it appearing further that by deed in proper form the Highland Park Company, the only party who would have the right to insist upon the carrying out, performance and observance of the conditions and restrictions contained in its said deed conveying said Lot No. 9 in Block No. 2, as aforesaid, has released plaintiffs and the said lot from the performance and observance of said restrictions and conditions and has agreed that the title to the said lot shall be released and freed from the said conditions and restrictions and that it may be used in any way and for any purpose which plaintiffs may desire; and the court being of opinion and finding as a matter of law that upon the facts agreed, plaintiffs have and can convey to defendant a good and indefeasible fee-simple title to the said lots of land referred to in the statement of facts, to wit: Lots Nos. 7, 8, 9, and 10 in Block No. 2, as shown on map recorded in book 127, page 47 in said register's office, free and clear of any conditions and restrictions affecting or limiting the use and occupancy of the said lots."
From the judgment rendered, defendant appealed, assigning errors.
After stating the case: For the reasons so clearly stated by his Honor, Long, J., who heard the case below, we think the judgment must be upheld. See Homes Co. v. Falls, 184 N.C. 426; Stevensonv. Spivey, 21 A.L.R. (Va.), 1276, and annotation, where the (366) questions involved are exhaustively treated.
Affirmed. *Page 386 
 Cited: Thomas v. Rogers, 191 N.C. 739; DeLaney v. Hart, 198 N.C. 97;Turner v. Glenn, 220 N.C. 626; Phillips v. Wearn, 226 N.C. 294; CravenCo. v. Trust Co., 237 N.C. 513; Maples v. Horton, 239 N.C. 399;Muilenburg v. Blevins, 242 N.C. 276; Reed v. Elmore, 246 N.C. 234.