KATE P. JOHNSTON, EVELYN JOHNSTON, D. LILLY JOHNSTON, D. P.
TILLETT AND E. B. GRESHAM v. JESSE W. GARRETT.

(Filed 23 December, 1925.)

**1. Deeds and Conveyances — Restrictions—Suits—Actions—Parties—In-
junction.**

Restrictions in a land development and contained in the original deeds
as to the number of buildings to be placed upon the lot sold, are covenants
running with the lands, and each grantee of such lands may enjoin all
other such grantees from violating the restrictions.

**2. Appeal and Error—Injunction—Findings—Review.**

Upon exception to the findings of fact by the trial judge in injunction proceedings to restrain the violation of covenants running with the lot conveyed in a general scheme of development, the Supreme Court on appeal may pass upon the evidence of record in the case.

**3. Deeds and Conveyances — Restrictions — Covenants — Review — Evidence—Records—Former Decisions.**

*Held,* in the Supreme Court, from the record in this case, and the opinion in a former case upon the same subject-matter herein, "Myers Park" land was originally sold and conveyed under a general improvement plan and that the deeds containing certain restrictions as to buildings included the *locus in quo.*

CLARKSON, J., did not sit.

APPEAL by defendant from order of *Lane, J.,* MECKLENBURG Superior Court, Spring Term, 1925.

In this action, begun on 2 April, 1925, plaintiffs pray judgment that defendant be perpetually restrained and enjoined from violating certain conditions and restrictions contained in deeds under which defendant claims title to the lot of land described in the complaint. A temporary restraining order was issued by Judge Lane, dated 2 April, 1925, in which defendant was required to show cause at a subsequent date why the said order should not be continued to the final hearing. Pursuant to said order, defendant with his attorneys appeared before Judge Lane, at Charlotte, N. C., on 9 May, 1925. After hearing evidence offered by both plaintiffs and defendant, Judge Lane signed an order continuing the temporary restraining order until the final hearing. From this order, defendant appealed.

*John M. Robinson and Taliaferro & Clarkson for plaintiffs.*
*E. A. Hilker and D. E. Henderson for defendant.*

CONNOR, J. Upon the hearing, at which the temporary restraining order was continued, Judge Lane, from the pleadings, records and evidence offered, found as facts to sustain the order from which defendant has appealed (1) that defendant is the owner of lot No. 11 in block 3-A of Myers Park, as shown on the map thereof recorded in Book 230, at page 129, in the office of the register of deeds of Mecklenburg County; (2) that plaintiffs are the owners, respectively, of lots Nos. 12, 14 and 16 in said block; (3) that plaintiffs and defendant own their said lots, claiming title thereto under deeds containing certain conditions and restrictions set out in the deeds by which the Stephens Company originally conveyed said lots; (4) that defendant, in violation of said conditions and restrictions and in violation of the rights of plaintiffs, and over their protests and without their consent, is now proceeding to erect on his lot a second house or residence so that there would be, if the same is

erected, two houses or residences on same, the second house, when completed, fronting on Edgehill Road; (5) that defendant threatens and intends to subdivide said lot with the result that the lot adjacent to lot No. 12, owned by plaintiffs, the Misses Johnston, will contain less than four-tenths of an acre; and (6) that if defendant proceeds with the erection of said house and the subdivision of said lot according to his plans, it will all result in irreparable harm and damage to plaintiffs and each of them. There was evidence sufficient to sustain each of the foregoing findings. Defendant contends that there was error in continuing the restraining order, for that his Honor did not find that said lots were a part of and included within a general scheme and plan of development of Myers Park, or of the subdivision thereof in which said lots are included. His Honor did not specifically find, as alleged in the complaint, that the Stephens Company, from which both plaintiffs and defendant claim title to their respective lots, in the sale and development of Myers Park, or of said subdivision, followed or enforced a general scheme and plan of development, whereby the lots in said Park, or in said subdivision, were conveyed subject to conditions and restrictions, set out in the deeds therefor, and applicable to all said lots. Evidence, however, was offered, as appears in the statement of the case on appeal, tending to establish the same facts with respect to Myers Park, and said subdivision, as are set out in the statement of facts agreed in *Stephens Co. v. Homes Co.*, 181 N. C., 335, and in *Homes Co. v. Falls*, 184 N. C., 426. Upon these facts this Court has held that the subdivisions of Myers Park are each a separate, distinct and integral development, and that Myers Park, consisting originally of 1100 acres was not planned and developed as a unit, composed of these subdivisions. As to the several subdivisions, as shown on the plats recorded, consisting of lots sold with reference to said plats, it is held that "the principles of estoppel and dedication apply." *Stephens Co. v. Homes Co., supra.* In *Homes Co. v. Falls, supra,* it appeared that plaintiff had secured from all owners of lots in the particular subdivision containing the *locus in quo*. duly executed and acknowledged releases, waiving all their rights, if any they had, to insist upon the alleged implied restrictions, and consenting to the sale by the Stephens Company of the lot in controversy as well as of other lots similarly situated. This Court, from the evidence, finds, as it may in a case of this character (*Tobacco Asso. v. Battle*, 187 N. C., 260), that block 3-A in Myers Park, as shown on the plat duly recorded and offered in evidence, was planned and developed under a general scheme by which the lots composing said block 3-A were sold by the Stephens Company and conveyed by deeds containing conditions and restrictions which were inserted therein for the protection and welfare of the community, and which are covenants running with the land.

The Stephens Company, the owner of the land platted as block 3-A, subdivided said block and sold distinct parcels thereof to separate grantees, imposing restrictions practically identical upon the use of each parcel or lot pursuant to a general plan of development or improvement; the lots now owned, respectively by plaintiffs and defendant, are included within block 3-A, and are held under deeds, containing practically identical conditions and restrictions, which the grantees in said deeds as recited therein understood and agreed were for the protection and general welfare of the community, and were covenants running with the land. These conditions and restrictions, upon these facts, may be enforced by any grantee of any of said lots, included within block 3-A, against any grantee of any other lot included in said block. 18 C. J., 394; *Homes v. Falls Co., supra.*

There was no error in continuing the temporary restraining order to the final hearing.

Affirmed.