## MRS. J. P. THOMAS v. PAUL H. ROGERS.

(Filed 12 May, 1926.)

1. **Deeds and Conveyances—Restrictions — Covenants — Development— Corporations.**

   Where a corporation has developed suburban property and sold it to various purchasers with covenants and restrictions in some of the deeds as to the class of residences to be built thereon, but under no general scheme in this respect, the right to enforce these restrictions rests only with the corporation, and not with the purchasers of lots who have taken title from the corporation.

2. **Same—Corporation—Dissolution—Trustees— Survivorship — Releases —Consideration.**

   Upon the dissolution of a corporation that has developed and sold land into lots without a general scheme for restrictions upon the class of buildings to be erected, but some of the deeds given by it contain restrictions, upon the dissolution of the company, trustees duly appointed to wind up its affairs, may execute a valid release to a purchaser under a deed containing the covenant, and the trustees holding such right as joint tenants in dissolution, the release thereof by the survivor is valid and enforceable. On this appeal, the question of a valuable consideration is not presented.

   CLARKSON, J., did not sit.

APPEAL by defendant from *Harding, J.,* at March Term, 1925, of MECKLENBURG. Affirmed.

Action to enforce, by decree of specific performance, contract in writing, by which defendant agreed to accept from plaintiff, as lessor, a lease conveying to defendant, as lessee, the possession and use of a certain lot of land situate in the city of Charlotte, free and clear of building restrictions, and restrictions affecting the use and occupancy thereof for business purposes, for a period of ten years. The lease, in writing, tendered by plaintiff to defendant, was in all respects sufficient, in form, to comply with the contract between plaintiff and defendant, with respect thereto. Defendant contended that by reason of certain restrictions, contained in a deed under which plaintiff derived title to the said lot of land, plaintiff was unable to comply, and therefore had not complied with her contract with him; that she was, therefore, not entitled to the decree.

Upon facts agreed, judgment was rendered as prayed for by plaintiff. From this judgment defendant appealed to the Supreme Court.

*Tillett, Tillett & Kennedy, and Taliaferro & Clarkson for plaintiff.*
*Carrie L. McLean for defendant.*

CONNOR, J. The lot of land involved in this action consists of lot 10, and part of lot 9, in Block 1, as shown on the map of the property of Highland Park Company, recorded in Book 127 at page 47, in the office of the register of deeds of Mecklenburg County. The said lot fronts on the north side of East Fourth Street, about 115 feet, and lies on the west side of Hawthorne Lane, about 111 feet. This lot was originally owned by the Highland Park Company, a corporation. Plaintiff is now the owner of the lot, having derived her title thereto from a deed executed by the Highland Park Company. This deed contains an express covenant that the party of the second part, his heirs and assigns shall use the lot of land therein conveyed for residence purposes only, and that any residence erected thereon shall cost not less than the sum specified therein. There is no provision in said deed providing for a forfeiture, or for a reverter upon breach of the conditions or covenants in the deed.

Block 1, which includes the *locus in quo,* and was originally owned by the Highland Park Company, was laid off into twenty lots by the said company. Some of these lots were conveyed by said company, by deeds, containing no restrictions as to the purposes for which the grantees, their heirs and assigns, might use them, while some of the lots, including the lots which form the *locus in quo,* were conveyed by deeds which contained restrictions that they should be used only for residential purposes and that residences erected thereon should cost not less than sums specified in the deeds. At the time Block 1 was laid off and

47—191

platted into lots, the Highland Park Company owned a large body of land, outside the city limits of Charlotte, but adjacent thereto. This tract of land was laid off into blocks, which were divided into lots. These lots have been sold and conveyed, some by deeds with restrictions and some by deeds without restrictions. All except two of the deeds of the Highland Park Company, in which any condition or restriction relative to the use and occupancy of the lands conveyed therein were inserted, contained the following provision, to wit: "The party of the first part expressly reserves to itself all rights, privileges and easements in and upon its said property not expressly granted to the said party of the second part."

On 2 April, 1915, the Secretary of State of North Carolina issued a certificate of dissolution of the Highland Park Company, which has been duly recorded. All of the debts of said company have been paid, and the surplus of its assets distributed among its stockholders. Of the three directors of said corporation, who upon the issuance of the certificate of dissolution became trustees in dissolution, two have since died. The surviving trustee, and the executors of the two who have died, have executed releases to the plaintiff of any and all rights which the Highland Park Company had in and to the *locus in quo* by virtue of the covenants, conditions or restrictions in the deed under which plaintiff owns the same. A similar release has been executed by all the surviving stockholders of said corporation.

The court being of opinion and finding as a matter of law that upon the facts agreed, the plaintiff has and can convey to defendant the unrestricted use and occupancy of said lots 9 and 10 of Block 1, as shown on map recorded in Book 127, page 47, in the office of the register of deeds of Mecklenburg County, free and clear of any conditions and restrictions affecting or limiting the use and occupancy thereof, ordered, adjudged and decreed that defendant specifically perform his contract with plaintiff for the lease of said premises.

The right of plaintiff to maintain an action for the specific performance by defendant, of a contract for the lease of land is not questioned by defendant in this action. The contract, upon which this action is founded, is clear, and the lease tendered is in all respects, as regards form, in full compliance with the provisions of the contract. 25 R. C. L., 284; *Bennett v. Moore* (Neb.), 194 N. W., 802, 31 A. L. R., 495; *Hotel Corp. v. Real Estate Co.* (Fla.), 103 So., 403; *F. & W. Grand Stores v. Eiseman* (Ga.), 127 S. E., 872. If the covenant or restriction in the deed is valid and enforceable by the grantor or his assigns, a lease for ten years must be held to be a breach thereof. *Blue v. Wilmington*, 186 N. C., 324.

All the questions presented by this appeal have been considered and decided by this Court in *Snyder v. Heath,* 185 N. C., 362, except that involving the effect of the releases executed in the instant case by the surviving trustee in dissolution, by the executors of those who are dead, and by the surviving owners of stock in said corporation at time of its dissolution. It is there held upon practically the identical facts appearing on this record that no uniform scheme of development of its property, either as to the blocks or as to the entire tract, had been adopted by the Highland Park Company, and that the grantees of said company in deeds for other lots sold and conveyed by the company, either before or subsequent to the deed to plaintiff, whether such lots were in the same block or not, had no right to insist upon the performance of the conditions in said deed, or to enforce the restrictions contained therein. The trustees in dissolution of the Highland Park Company, the only party who would have had the right to insist upon the performance of said conditions or to enforce said restrictions, had, by proper deed, released plaintiff and the lot from said conditions and restrictions. It was held that plaintiffs in that case had and could convey their lots free and clear of any and all conditions and restrictions affecting or limiting the use and occupancy of the said lots. The decision of this Court in *Snyder v. Heath* is determinative of the questions presented by this appeal unless it shall be held that releases of the rights of the Highland Park Company were necessary, and that the releases set out in the record are not effective for that purpose.

Upon the dissolution of the Highland Park Company, the directors, three in number, became trustees of said company, with full power to settle its affairs, collect the outstanding debts, sell and convey the property, and after paying its debts, divide any surplus money and other property among the stockholders. C. S., 1194. It is clear that a release executed by the three trustees to plaintiff would have been effectual to bar any right which they or the corporation had to enforce the restrictions in the deed under which plaintiff held the *locus in quo.* It is so held in *Snyder v. Heath, supra.* These trustees held as joint tenants, with the right of survivorship incident to their tenancy. C. S., 1736. *Webb v. Borden,* 145 N. C., 188; *Cameron v. Hicks,* 141 N. C., 21; see C. S., 2582. The release of the surviving trustee was effectual to bar the right of the Highland Park Company, or any one claiming under said company, in or to any interest in the *locus in quo* by reason of the covenants, conditions or restrictions in plaintiff's deed.

It is not necessary for us to decide upon this record whether the Highland Park Company, the only party who could have enforced the restrictions, or who could have had any relief for a breach of the covenants by the plaintiff, having been dissolved and having ceased to exist, any

release was required in order to relieve plaintiff or the lot of the burden imposed by the restrictions and conditions in the deed. In order to determine this appeal, it is sufficient to hold, as we do, that the Highland Park Company alone had the right to recover for breach of the covenants in the deed, or to enforce the restrictions; upon its dissolution, all rights in that respect passed to and vested in the trustees in dissolution as joint tenants, with the right of survivorship incident to their title and estate. The releases executed by the executors of trustees who are dead, have no force or effect.

The releases by the surviving owners of stock in the corporation, at the time of its dissolution, while probably not essential, preclude any question as to the validity of the release by the surviving trustee upon the ground that there was no consideration for such release. We do not think the instant case can be distinguished upon the facts from *Snyder v. Heath.* Upon the authority of that case, the judgment is

Affirmed.

CLARKSON, J., did not sit.