E. S. DeLANEY v. R. H. HART.

(Filed 11 December, 1929.)

**Deeds and Conveyances C g—Where development is not made according to general scheme, owners therein may not enforce restrictions.**

Where the Court finds upon facts agreed that restrictions in deeds in a development were not enforceable by the owners of other lots therein for the reason that the subdivision was not developed or mapped by the developing company in accordance with a general plan or scheme, and that the restrictions were not enforceable by the developing company or any one claiming under it, for the reason that the developing company, a corporation, had been dissolved, his judgment that the owner in the subdivision could transfer his lot to another free from the restrictions, except as to one applicable to all the lots, will be upheld on appeal.

APPEAL by defendant from *Sink, Special Judge*, at September Special Term, 1929, of MECKLENBURG. Affirmed.

This is a controversy without action heard upon a statement of facts agreed. C. S., 626.

Plaintiff contends that upon the facts agreed he is entitled to a decree for the specific performance of a contract in writing by which (1) plaintiff agreed to sell and convey to defendant a certain described lot of land, in fee simple, without restrictions, except as to its occupancy or ownership by persons of the colored race, and (2) defendant agreed to purchase from plaintiff the said lot of land, and to pay to plaintiff for the same the agreed purchase price upon the conveyance to him by plaintiff of the said lot of land in accordance with said contract.

Plaintiff has tendered to defendant a deed properly executed, with the usual covenants of warranty, sufficient in form to convey to defendant the said lot of land in fee simple, without restrictions, except as to its occupancy or ownership by persons of the colored race.

Defendant has declined to accept said deed, and has refused to pay to plaintiff the purchase price for said lot of land, in accordance with the terms of the contract.

Defendant contends that plaintiff cannot perform his contract with respect to the conveyance to him of said lot of land, for the reason that plaintiff holds his title to said lot of land subject to certain restrictions set out in the deed by which said lot of land was conveyed to plaintiff, and that plaintiff cannot convey the same free from said restrictions.

Upon the facts agreed, the court was of opinion, and so held, that plaintiff can convey to defendant said lot of land, free from restrictions, as to its use or otherwise, except as to its occupancy or ownership by persons of the colored race.

DeLaney v. Hart.

From judgment in accordance with the opinion of the court that defendant specifically perform his contract with plaintiff, defendant appealed to the Supreme Court.

*J. L. DeLaney for plaintiff.*
*Cansler & Cansler for defendant.*

PER CURIAM. Plaintiff's title to the lot of land which he has contracted to sell and convey to defendant, without restrictions, except as to its occupancy or ownership by persons of the colored race, is held by him under deeds which contain other restrictions as to its use upon the grantee, his heirs, and assigns in each of said deeds.

The vital question involved in this controversy is whether or not these restrictions are enforceable against plaintiff, his heirs or assigns (1) by the Highland Parks Company which first imposed said restrictions upon the title to said lot, or (2) by the owners of other lots of land, who hold title to the same under the Highland Parks Company and its grantees.

The court was of opinion, and so held, that upon the facts agreed, these restrictions are not enforceable by the owners, present or future, of the other lots formerly owned by the Highland Parks Company, for the reason that the tract of land which was divided into blocks, and subdivided into lots was not planned, developed or mapped by the said company in accordance with a general plan or scheme, and that therefore the owners of said other lots have no right to enforce the restrictions contained in the deeds under which plaintiff holds title to the lot which he has contracted to sell and convey to defendant.

The court was further of opinion, and so held, that upon the facts agreed, these restrictions are not now enforceable by the Highland Parks Company, or by any person or corporation claiming under said company, for the reason that said Highland Parks Company, a corporation organized under the laws of this State, has been dissolved.

We concur in the opinion of the court. The judgment is affirmed. *Thomas v. Rogers,* 191 N. C., 736, 133 S. E., 18; *Davis v. Robinson,* 189 N. C., 589, 127 S. E., 697; *Snyder v. Heath,* 185 N. C., 362, 117 S. E., 294. The instant case is distinguishable from *Johnston v. Garrett,* 190 N. C., 835, 130 S. E., 835. The lot involved in that case was included in a tract of land which was planned, developed and mapped under a general scheme or plan. It was held that the owners of lots included in the development and conveyed with restrictions applicable to all the lots, could enforce as against the owner of any one of the lots, the restrictions for the reason that the restrictions were for the mutual protection of the owners of all the lots.

Affirmed.