AARON M. HALE AND WIFE, ANNA S. HALE v. EFFIE MAE MORGAN MOORE, AND HUSBAND, GARLAND EUGENE MOORE; NELLIE IRENE BELLAMY AND HUSBAND, HOWARD B. BELLAMY

No. 6910SC124

(Filed 30 April 1969)

1. Deeds § 19— restrictive covenants — nature of the servitude

The servitude imposed by restrictive covenants is a species of incorporeal right and restrains the owner of the servient estate from making certain use of his property; such right or interest reserved in a conveyance will be effective as against all who deraign title through the grantee, although the reservation is not expressed in subsequent deeds.

**2. Deeds § 19— validity of restrictive covenants**

Covenants restricting the use of property will be sustained where reasonable, not contrary to public policy, not in restraint of trade and not for the purpose of creating a monopoly.

**3. Deeds § 19— action to declare restrictive covenants unenforceable — sufficiency of evidence**

In an action to have declared null and void restrictive covenants in the plaintiffs' deed which limits the use of their property to residential purposes only, there is sufficient evidence to support the conclusion of the trial court that the character of the neighborhood wherein the tract is located has not changed so substantially as to render the use of the tract impractical for residential purposes, notwithstanding there is also evidence tending to show that the property is more valuable for commercial rather than residential purposes and that the number of businesses in the vicinity has increased considerably since the restriction was put on the lot.

**4. Deeds § 19— restriction personal to grantor**

Where restrictive covenant is not part of a general plan of development, the restriction is personal to the grantor and is deemed to be for the benefit of the land retained by the grantor.

APPEAL by plaintiffs from *Hobgood, J.,* 30 September 1968 Civil Session, Superior Court of WAKE.

This is an action to have restrictive covenants contained in plaintiffs' deed declared null and void, and to enjoin the defendant, Effie Moore, from interfering with the plaintiffs' unrestricted use of this property. Nellie Irene Bellamy and Howard B. Bellamy have been dismissed as parties hereto.

The parties waived jury trial and submitted the case on stipulations and evidence. The stipulations show that on 21 December 1938 Chloe Davis Morgan conveyed a 25-acre tract of land located approximately one and one-fourth miles from the city limits of Raleigh on the east side of U.S. Highway 401 to Effie Moore, a defendant in this case. In February 1953, Effie Moore and husband conveyed two acres of land to S. D. Alexander, this being part of the 25 acres conveyed to her in 1938. This two-acre tract is located in the southeast corner of the original tract and borders on U.S. Highway 401. This deed to S. D. Alexander contained the following restriction which is the subject of this action:

"This deed is conveyed subject to the lien of the Wake County taxes for the year 1953, and subject to the following permanent restriction as to the use of said land, said restriction to run with said land by whomsoever owned: The property herein conveyed shall be used for residential purposes only and shall not be used for business, manufacturing or commercial purposes."

At the time of this conveyance the nature of the neighborhood surrounding the property was farmland and residential property.

On 28 July 1958, Aaron M. Hale became the owner of the two-acre tract of land previously conveyed to S. D. Alexander. He took the property with actual and constructive notice of the restrictions contained in the deed to S. D. Alexander.

. On 29 April 1963, Effie Moore and husband conveyed to Nellie Irene Bellamy a tract of land containing 28,250 square feet and lying immediately north of and adjacent to the two-acre tract of land now held by Aaron M. Hale, plaintiff. This property conveyed to Irene Bellamy was part of the original 25-acre tract of land conveyed to Effie Moore in 1938. The deed to Nellie Irene Bellamy contains no restrictions as to use of the property. A general automobile garage is now located on the lot.

On 7 May 1963, Effie Moore and husband conveyed to the Stephenson Enterprises, Inc., a tract of land containing 5.06 acres and lying immediately north of and adjacent to the 28,250 square foot lot conveyed to Nellie Irene Bellamy. This property conveyed to the Stephenson Enterprises, Inc., is part of the original 25-acre tract of land conveyed to Effie Moore in 1938. The deed to Stephenson Enterprises, Inc., like the deed to Nellie M. Bellamy, contains no restrictions as to use of the property. The defendant, Effie Moore, presently holds all of the land conveyed to her in 1938 except for the three conveyances mentioned above.

Plaintiffs offered evidence which tended to show that the area in which this two-acre lot is located is no longer farmland and residential property exclusively. There are now a number of businesses within a mile radius of the two-acre tract. Their evidence also tends to show that the two-acre lot would presently have a value of approximately $30,000 for commercial purposes, and $4,000 to $8,000 for residential purposes.

After hearing the evidence, the court found the facts and made conclusions as follows:

"FINDINGS OF FACT

1. That in 1953 the defendant, Effie Mae Morgan Moore, with the joinder of her husband, G. E. Moore, conveyed the two-acre tract shown on plaintiffs' Exhibits #1 and #18 subject to the restrictive covenant for a purchase price of $5,000.00. The defendants could have sold the said two-acre tract for a higher price if conveyed without the restriction. No other conveyances

out of the original twenty-five acre tract were contemplated at the time of the sale in 1953.

2. That the plaintiffs paid $7,000.00 for said two acre tract in 1958 and at the time of their purchase, the plaintiff had both record and actual notice of the residential restriction on said property. This tract is now vacant.

3. That the only other conveyances cut out of the original twenty-five acre tract owned by the defendant, Effie Mae Morgan Moore, were the conveyances of the Bellamy tract for $7,500.00 and the Stephenson Enterprises tract for $27,000.00 in 1963, which tracts are shown on plaintiffs' Exhibits #1 and #18.

4. The Stephenson Tract is now owned by Green Electric Company and on the front portion thereof is a building used in the electrical business. The rear portion of said tract which surrounds the Bellamy parcel on the east is a large excavated hole and is not used at present.

5. The Bellamy parcel has a garage building thereon and is used for an automatic transmission repair shop.

6. The ten acre tract also owned by the plaintiffs adjoining the said two acre tract on the south is used as the residence of the plaintiffs.

7. The defendant, Effie Mae Morgan Moore, retains title to the remaining portion of the original twenty-five acre tract which consists of more than seventeen acres and the defendants' home is situated thereon.

8. Since 1953, United States Highway Number 401 has been widened in front of the Hale and Moore properties and several new businesses have opened along said road including a trailer sales business, a small shopping center and several filling stations and other businesses. There are many homes on said highway within the immediate area of the subject property and a large amount of vacant and undeveloped land. Adjoining the Hale and Moore properties on the east and south is a large residential subdivision known as Greenbrier Estates which is shown on plaintiffs' Exhibit #18 which has in excess of 300 lots and approximately 260 houses have already been constructed thereon.

9. The two-acre tract owned by the plaintiffs has a reasonable

market value for residential use and could be used for such purpose.

From the foregoing stipulations and findings of fact, the Court makes the following Conclusions of Law:

### CONCLUSIONS OF LAW

1. The three conveyances by the defendant, Effie Mae Morgan Moore, with the joinder of her husband, out of the original twenty-five acre tract of land acquired in 1938 were not made in accordance with a general plan or scheme.

2. The defendant, Effie Mae Morgan Moore, at the time of the original sale in 1953 made an express contract for a valuable consideration with S. D. Alexander, plaintiffs' predecessor in title, imposing a specific restriction upon the use of the two acre tract subsequently acquired by the plaintiffs in 1958 for the benefit and convenience of the defendant in her disposition or use of the other portions of the original twenty-five acres retained.

3. The said express contract was embodied in the covenants inserted in the deed conveying the two acre tract to the plaintiffs' predecessor in title and referred to in each of the subsequent deeds in plaintiffs' chain of title; in addition, the plaintiffs had actual notice of said restriction at the time of their purchase in 1958.

4. The restriction is reasonable in character and duration and is not contrary to public policy.

5. The character of the neighborhood has not changed so substantially as to render the use of the said two acre tract impractical for residential use.

6. The covenant contained in the 1953 deed to plaintiffs' predecessors in title is a valid covenant and may be enforced by the defendant, Effie Mae Morgan Moore, during her lifetime."

Plaintiffs excepted to the findings and conclusions and appealed.

*Purrington, Joslin, Culbertson & Sedberry by William Joslin for plaintiff appellants.*

*Manning, Fulton & Skinner by M. Marshall Happer III for defendant appellees.*

MORRIS, J.

At the outset, we note that the restriction which the defendant, Effie Moore, placed on the lot in question in 1953 was not part of a general plan of development. At the time this restriction was put on the two-acre tract which the plaintiff now holds, the defendant, Effie Moore, was not obligated to restrict the balance of her property in any way upon conveyance.

[1]   This restrictive covenant, if not inequitable, is enforceable against the plaintiffs. "The servitude imposed by restrictive covenants is a species of incorporeal right. It restrains the owner of the servient estate from making certain use of his property. *Turner v. Glenn,* 220 N.C. 620, and cases cited; 14 Am. Jur., 608-09. Such right or interest reserved in a conveyance will be effective as against all who deraign title through the grantee, although the reservation is not expressed in subsequent deeds." *Sheets v. Dillon,* 221 N.C. 426, 20 S.E. 2d 344.

[2]   Plaintiffs argue, however, that the character of this neighborhood has changed to such an extent since the imposition of this covenant that the property cannot be reasonably used for residential purposes, and that to enforce this covenant would be inequitable. "The courts have generally sustained covenants restricting the use of property where reasonable, not contrary to public policy, not in restraint of trade and not for the purpose of creating a monopoly — and building restrictions have never been regarded as impolitic. So long as the beneficial enjoyment of the estate is not materially impaired and the public good and interest are not violated such restrictions are valid. Subject to these limitations the court will enforce its restrictions and prohibitions to the same extent that it would lend judicial sanction to any other valid contractual relationship. 14 Am. Jur., 616. Hence, the restriction is not void *ab initio.* If conditions have arisen or circumstances have developed which make the enforcement thereof inequitable and unjust, . . . the burden of so showing rests upon him who seeks its annulment. Until he has so shown the restriction is binding and effective." *Sheets v. Dillon, supra.*

[3]   Plaintiffs introduced evidence tending to show that the property in question is more valuable for commercial purposes than it is for residential purposes. There was also evidence that the number of businesses in the vicinity of the property has increased considerably since the restriction was put on the lot in 1953. However, evidence was also introduced tending to show that the neighborhood has never been exclusively residential and that it is not exclusively

commercial today. The defendants' home is located on the remaining 17 acres of the 25-acre tract which was conveyed to the femme defendant in 1938. The plaintiffs' home is located on a 10-acre tract of land which adjoins the two-acre tract on which this restriction is imposed. There are a number of homes within a short distance of this lot which face U.S. Highway 401. Located southeast of the restricted property and adjoining the balance of the 25-acre tract owned by the defendant, and adjoining the 10-acre tract on which the plaintiff's home is located, is Greenbriar Estates, a subdivision, in which there are approximately 260 homes. We hold that there was sufficient evidence from which the trial court could have concluded that "The character of the neighborhood has not changed so substantially as to render the use of the said two acre tract impractical for residential use."

[4] The restriction, not being part of a general plan of development, is personal to the grantor, the femme defendant, and is deemed to be for the benefit of the land retained by the grantor. *Sheets v. Dillon, supra.* It appears that Garland Eugene Moore had no interest in this property when it was conveyed in 1953, and that he joined in the conveyance only for the purpose of releasing his marital rights in the property. Therefore, the trial court properly concluded that the restriction could be enforced during the lifetime of Effie Moore. *Maples v. Horton,* 239 N.C. 394, 80 S.E. 2d 38.

The evidence offered by the plaintiffs was not so conclusive that only one inference could be drawn therefrom. The parties agreed to have the case heard by the trial judge without a jury. The findings of fact made by the court below are supported by the stipulations and evidence, and these findings of fact support the conclusions of law. We find no error.

Affirmed.

CAMPBELL and PARKER, JJ., concur.