W. H. COOK v. FRANK GAYLORD, Road Supervisor, Appellant.

Obstruction of Highway: Notice to Remove. A road recorded as sixty feet wide has a deep cut about twenty feet wide at bottom, and on the edge of the banks there is a wire fence. Plaintiff notified the road supervisor to remove it, and the latter gave a notice to remove, of nearly six months, to the landowner. No one but plaintiff complained, and he told the supervisor that he would be satisfied to peaceably obtain a forty foot road. Before this suit was begun, the fence was changed to leave forty feet. *Held*, such fence was a direct obstruction of travel under Code, 993, though it did not cross the road, and it could not be taken down without notice to the landowner. If the notice to the landowner does not exceed six months, its reasonableness can be questioned by no one but the landowner and should not be submitted to the jury. Serving notice on the owner for a forty foot road is, here, a defense to the supervisor, especially as such defense was not assailed.

*Appeal from Fremont District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 19, 1894.

THE defendant is a road supervisor, and road number 19 is a highway in his road district. The line of the road is over a hilly section, and at one point it passes over a hill, where the traveled track of the road is in a cut from four to ten feet deep. The road was located in 1867, and is sixty-six feet in width, as recorded. The banks of the cut are quite perpendicular, and its length is about one hundred and sixty yards. The cut, at the bottom, is from fifteen to twenty feet in width. One Damon is the owner of the land through which the highway passes at the point where the cut is; and his fences, of wire, are made along the edge of the cut, at the top of each side, and in a way to interfere with foot travel outside of the cut. This had been the condition of the road at that point for about

six years. The plaintiff, in sending to school, uses this highway at the point of the cut; and he notified defendant to remove obstructions, as required by Code, section 993. This notice was served April 4, 1892; and on the fourteenth of the same month the defendant, in writing, notified the owner of the land to remove his fences before October 10, 1892, and within the time fixed within the notice the fences were so removed. This suit was commenced on the ninth day of June, 1892, and before the fences were removed. The effect of the .suit is to compel the defendant, by *mandamus*, to remove the obstructions from the highway. The cause was tried to a jury, that found for the plaintiff, and from a judgment on the verdict the defendant appealed.—*Reversed.*

*W. W. Morgan* and *Geo. D. Draper* for appellant.

*W. E. Mitchell* for appellee.

GRANGER, C. J.—The following is section 993 of the Code, being the one referred to in plaintiff's notice to defendant to remove obstructions: "The supervisor shall remove obstructions in the highways caused by fences or otherwise, but he must not throw down or remove fences which do not directly obstruct the travel upon the highway, until reasonable notice in writing, not exceeding six months, has been given to the owner of the land inclosed in part by such fence." As a defense, appellant pleaded that, on complaint of plaintiff, he gave the notice to the landowners, set out in the statement of facts, which notice was complied with. It will be seen that the notice required the removal within six months from the time of its service. The court, in one of its instructions to the jury, said: "The defendant can not be held responsible in this proceeding for a mistake in fixing the time of the removal of the obstruction complained of, if he made any such

mistake, provided he did not give the owner more than six months' notice, as specified in the statute before referred to. The length of time to be given the owner for the removal of the obstruction complained of rests in the sound and reasonable discretion of the supervisor, and can not be controlled or infringed upon in a proceeding of this character, so long as the time given does not exceed the statutory period.''

The court, in another instruction, left to the jury the question of whether or not the obstruction complained of was such an one that the supervisor could have removed it without notice; and it is urged by appellant that it appears affirmatively that it is not such an one.

We think appellant's view, in this respect, is correct. In *Mosher v. Vincent*, 39 Iowa, 607, the ''direct obstruction'' that will warrant removal by the supervisor without notice has been defined in words as follows: ''It is not absolutely necessary that a fence must be across the track where the travel passes, in order to be a direct obstruction to the travel; but if the fence so obstructed the track as to render it unsafe or dangerous to public travel thereon, and if such is the case, and it is necessary to remove the fence in order to make the road safe for public travel, then this would be a direct obstruction.'' The record in this case is an affirmative showing that the fences in question did not obstruct the track, so as to render it ''unsafe or dangerous to the public travel'' on the road in question. It is probably true that some inconvenience was occasioned by the fences, to travel on foot, and that the entire width of the road should have been open, although plaintiff admits that he only required, if it could be had at all without legal proceedings, that it be opened forty feet in width. The cut was of such width that teams could pass at places, and this cut had been the place of travel since 1867, and the fences had been there for six years; and there is no

claim of an accident, or anything to show that the public was not safe in its travel through the cut. It is likely true that footmen, or those on horseback, might have to wait for a team that would be at particular places in the cut, for a moment or two, but there is no clear showing of even such a fact. It is, however, a fact that the public would be better served by having what it was entitled to,—a wider space for travel,—and that it was the duty of defendant, upon notice from the plaintiff, or even without notice, to have caused the removal of the fences, so as to have given the width of the road for the public use. But we think a notice to the owner of the land was necessary, and that the jury should have been so told.

With that question settled, it may be well to give our view of section 993 of the Code, above quoted, when the notice is required. It will be seen, by the instruction above quoted, that the jury was told that the length of time to be given the owner for the removal of the fence "rests in the sound discretion of the supervisor, and can not be infringed upon in a proceeding of this character, so long as it does not exceed the statutory period." By a "proceeding of this character," we understand the court to mean a suit by a citizen, other than the landowner, against a supervisor; and, with that view, we think the rule announced a correct one, and it is not questioned in this case. With that construction of the law, the question of a reasonable notice, when it does not exceed six months, arises only in a complaint of the landowner that the notice given him is not a reasonable one in which to remove the obstruction. In this case, the landowner is not a party, and there is no question arising in his behalf; so that the case in no way involves the question of what is a reasonable notice. The following is the sixth instruction given by the court: "(6) On the question of notice, you are in-

structed that reasonable notice is such notice, and for such length of time, as, under all the circumstances of the case, was reasonably proper to enable the person notified, in the ordinary manner, to properly remove the fences, without unnecessary injury thereto, or to the premises, or the crops inclosed thereby. And what is a reasonable notice is a question of fact for the jury to determine under all the evidence, and circumstances disclosed thereby." With our view, as expressed, it was error to give the instruction; and it seems to be in conflict with the other instruction, that, within the statutory period, the discretion of the supervisor can not be infringed upon in this proceeding. It is the thought of the appellee that the notice being for a road forty feet wide, instead of sixty feet, it is of no avail to the defendant. There seems to have been no complaint of the obstruction, except by plaintiff; and he says in his testimony that he told defendant he would be satisfied if the road was made forty feet wide without trouble, but that, if defendant compelled him to open it by law, he would see that it was opened as wide as the law required. The notice on defendant to remove the obstruction specified no particular width; and the defendant, before any proceeding at law, took the first—and, as we hold, the necessary—steps to open the road as he had a right to suppose plaintiff wanted it, and it was afterward so opened. We think, in view of these facts, that plaintiff is limited in this proceeding by his request for the opening of the road, which he pleads as a basis for his right of action. It may further be said that such facts are pleaded as a defense, and the pleading was in no way questioned, as to its sufficiency, before trial, and the trial below proceeded upon the theory of such an issue. The judgment is REVERSED.