RAY C. PAULEY, APPELLEE, V. EARL KNOUSE ET AL., APPELLANTS.

FILED FEBRUARY 15, 1923. No. 22205.

1. **Judicial Sales:** REVERSAL OF JUDGMENT: PARTIES PROTECTED. Upon the reversal of a judgment under which an order of sale is issued and the land of the judgment debtor sold, it is a good faith purchaser only whose title acquired at the judicial sale will be protected by the provisions of sections 8590 and 9023, Comp. St. 1922.

2. **Deeds:** BREACH OF COVENANTS: DAMAGES. In a suit by the grantee against his grantor for breach of covenants of warranty, wherein it appears that the title to the land conveyed completely failed, the measure of damages is the consideration paid for the land, with interest thereon, together with such costs and expenses, including attorney's fees, as were reasonably incurred by the plaintiff in an honest endeavor to maintain his title.

3. ———: ———: WIFE NOT LIABLE. In a suit to recover damages for breach of covenants of warranty, wherein it appears that the wife joins with her husband in the conveyance of property owned by him for the sole purpose of relinquishing such contingent interest in the premises as she may have as a wife, the wife is not liable in damages, and it is error to render judgment against her therefor.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed as to appellant Earl Knouse, and reversed and dismissed as to appellant Bertha M. Knouse.*

*A. H. Gutberlet* and *Kelso A. Morgan,* for appellants.

*Cosgrave, Campbell & Ankeny* and *A. Moore Berry,* contra.

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., RAPER and TROUP, District Judges.

TROUP, District Judge.

An action to recover damages for alleged breach of covenants of warranty in the purchase and sale of certain real estate in the city of Lincoln, Nebraska.

In his petition the plaintiff alleges the purchase of the land in question from the defendants on April 6, 1917, for the sum of $1,800, receiving from defendants a deed conveying to him the title to said land in fee simple, with the usual covenants of warranty, a complete failure of the title so conveyed, as evidenced by certain prior adjudications of the court, and prays for damages in the sum of $2,350.

Defendants, answering, admit the sale of the property to plaintiff for the sum stated and the execution and delivery of the warranty deed with the usual covenants of warranty; that defendants obtained title to said premises, through mesne conveyances, from one Roy A. Bickford, who purchased the same at judicial sale; that the title conveyed by defendants to plaintiff is in no way defective; that no breach of warranty has occurred; and deny that plaintiff has been damaged in any sum whatsoever.

A jury being waived, a trial to the court resulted in a judgment for plaintiff in the sum of $2,224.60. Defendants appeal.

All the facts necessary for a review of this case are comprised in a certain stipulation by the parties filed herein, a recital of which will go far toward indicating what the decision in the case must be, the substance of which, together with certain proceedings to which it refers, are as follows:

That on and prior to May, 1915, one Charles L. O'Connor, then a resident of California, was the owner in fee of the real estate in controversy; that on or about May 20, 1915, one Martha E. Coates, the mother-in-law of O'Connor, commenced an action in the district court for Lancaster county, Nebraska, against O'Connor

to recover on an alleged claim for work and labor as
nurse, in the sum of $600, by attachment on the real
estate in question, and obtained service against the
defendant O'Connor by publication. No appearance
having been made by the defendant, default was taken,
and on September 27, 1915, judgment rendered against
him for the sum of $600 and costs; thereafter an order
of sale was issued and published, and on November
30, 1915, the premises in question were sold to one
Roy A. Bickford for the sum of $600; on December 4,
1915, the sale was confirmed and deed ordered, and on
the same day the sheriff's deed was executed and deliver-
ed to the purchaser Bickford, who on the same day filed
the same for record in the office of the register of deeds
of Lancaster county. On December 10, 1915, Bickford
conveyed the property to one Snavely, who on April 5,
1916, conveyed to one Adler, who on September 13, 1916,
conveyed to one Traver, who on October 18, 1916, con-
veyed to Earl Knouse, one of the defendants in the
present action, who in turn, and on or about April
6, 1917, conveyed by warranty deed containing the
usual covenants of warranty the south 100 feet of said
lots to the plaintiff herein, Ray C. Pauley, who took
possession of the same and erected valuable improvements
thereon. On December 10, 1915, and at the same term
of court in which the judgment was rendered against
him in the suit of Coates v. O'Connor, the said O'Connor
filed a motion in said case, supported by affidavits,
moving the court to vacate the judgment rendered
against him on the ground of accident and mistake on
the part of his attorney. Said motion was overruled by
the district court, but, upon appeal duly taken, this
court on June 15, 1918, reversed the action of the
district court and held that, under the facts and cir-
cumstances appearing, the judgment rendered against
the defendant O'Connor and the sale of his land made
thereunder should be vacated and set aside, and the

same was so vacated and set aside. While this court, in its opinion in said case, did not directly pass upon the question whether Bickford was a good or bad faith purchaser at the judicial sale, leaving that to be determined thereafter, nevertheless it did strongly intimate that he was not of the former class, and further held that, in a case where "there has been a sale of attached property under circumstances which would amount to notice to the purchaser of the rights of the defendant, he will be held to purchase subject to the defendant's rights." See *Coats v. O'Connor,* 102 Neb. 602.

Soon after the decision of this court above mentioned, Pauley, the plaintiff in the present suit, instituted an action in the district court for Lancaster county against O'Connor, seeking to quiet the title to said premises in the plaintiff Pauley. By agreement of parties this case was consolidated with the then pending case of Coates v. O'Connor and they were tried together. After a hearing thereon, that court, by its decree of July 10, 1919, found the issues generally in favor of defendant O'Connor, and, among other things, found especially that on June 28, 1915, and soon after the commencement of the suit of Coates v. O'Connor, a *lis pendens* was filed in the office of the register of deeds of Lancaster county giving notice of the commencement of said suit and its purpose, and that the same had never been discharged of record, and **further** found "that in taking title to the said premises an abstract was furnished which showed the undischarged *lis pendens,* and also disclosed the filing of the bill of exceptions and the motion to vacate the judgment at the same term of court at which the judgment was entered in the case of Coates v. O'Connor." The court further found, "as a matter of law from the stipulation of facts and the findings of facts hereinabove recited and set out, that none of the purchasers dealing with said property were good faith purchasers within

the meaning and intent of the law, and that the said defendant Charles L. O'Connor is entitled as a matter of law, to have his title to said premises quieted and confirmed in himself free and clear of the claims of the plaintiffs and each of them," excepting, however, the matter of improvements; the rights respecting which were left to be determined under the provisions of the occupying claimants act. From this decree no appeal was ever taken, and it therefore stands as a final adjudication upon all matters involved therein.

Thereafter, and on or about March 2, 1920, the present suit was instituted by the plaintiff against the defendants herein for the purpose and with the result as already stated.

Appellants complain of error upon two grounds only, as follows: (1) That the decision of the lower court is contrary to the evidence introduced. (2) Said decision is contrary to the laws of the state of Nebraska and to the decisions of the supreme court of the state of Nebraska. In our opinion neither of these complaints are well founded.

As to the first proposition, it is difficult to conceive how it can reasonably be claimed that the decision of the lower court is contrary to the evidence introduced. It is in evidence that on April 6, 1917, the defendants herein undertook to convey the title to these premises by warranty deed, wherein they covenanted that "we are lawfully seized of said premises; that they are free from incumbrances; and that we have good right and lawful authority to convey the same; and we do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever," excepting only certain specified general and special taxes; and that, in consideration of such warranty and promise of protection, the plaintiff paid the defendants $1,800. It is the undisputed evidence that, after the deed was given and the consideration therefor paid and before the commencement of this suit, it was

conclusively adjudicated by a competent tribunal of the state, in a suit of which the defendants had actual knowledge, that the defendants never at any time had any title whatsoever to the property which they could convey to the plaintiffs or any one else, but, instead, the title at all times belonged to another and in whom the title was thereupon quieted; that being true, the plaintiff obtained no title whatsoever by defendants' deed nor any consideration for the purchase price paid by him to the defendants, and was therefore entitled to recover damages sustained by reason of a breach of the covenants of warranty contained in the deed in question.

As to the amount of damages sustained by the plaintiffs, the greater part thereof, to wit, the purchase price of $1,800, is of course apparent, and the remainder or difference between this sum and the total amount of judgment, to wit, $2,224.60, was for items of expense actually incurred by plaintiff in an effort, in the meantime, to maintain his title, consisting of taxes, court costs and attorney's fees, respecting all of which ample proof was adduced for their allowance by the stipulation of the parties that these expenses were actually incurred and are reasonable in amounts.

As to any contention that reasonable attorney's fees incurred by plaintiff in defense of his title may not be allowed as part of the damages sustained in a suit for breach of covenants of warranty, we think it sufficient to refer to the case of *Walton v. Campbell*, 51 Neb. 788, wherein it is held that in such a case an attorney's fee incurred is one of the proper elements of damages to be allowed. See, also, *Cheney v. Straube*, 35 Neb. 521; *Dale v. Shively*, 8 Kan. 276; *Seitz v. Peoples Savings Bank*, 140 Mich. 106; *Meservey v. Snell*, 94 Ia. 222.

In respect to the second objection, that the decree of the lower court is contrary to the laws of the state and the prior decisions of this court, the claim of defendants seems to be that, notwithstanding the order of this

court vacating the judgment and sale in the case of Coates v. O'Connor, the same should not be allowed to affect Bickford, the purchaser of the property at the judicial sale; that he should be allowed either to retain the title obtained through the judicial sale, .or, failing in that, have his purchase money returned to him, and they cite sections 7646, 8087, Rev. St. 1913 (Comp. St. 1922, secs. 8590, 9023), and numerous decisions of this court relating to said sections.

Bickford is not a party to this suit, and we have therefore no authority to make any orders either for or against him. But, if defendants claim that the title to the premises obtained through the judicial sale having failed the purchase money should be restored for their use and benefit, the answer is that, under the provisions of section 8087, it is the judgment creditor (in this case Martha E. Coates) who should restore said money, and we know of no one disposed to prevent defendants from seeking restoration from that source if they so desire. If defendants claim is that, under either section the title obtained through the judicial sale should not fail even though the judgment under which it was obtained was vacated and set aside, then our answer is that under both sections the judicial title is preserved to good faith purchasers only—under section 7646 by its own express provisions, and under section 8087 by a construction of that section by the decisions of this court. See *Coates v. O'Connor*, 102 Neb. 602, particularly the opinion of Judge Sedgwick on motion for rehearing; also, *Kazebeer v. Nunemaker*, 82 Neb. 732.

As already stated, by the decree of the Lancaster county district court of date July 10, 1919, in the consolidated cases of Pauley v. O'Connor, it was expressly and finally adjudicated that "none of the purchasers dealing with said property were good faith purchasers within the meaning and intent of the law." That being the case, Bickford is not of the class of purchasers.

Pauley v. Knouse.

whose title is protected by the statute. These objections must therefore be overruled.

Included, however, in this assignment may be considered the objection made in defendants' brief that it was error on the part of the lower court to render judgment against the defendant Bertha M. Knouse. We are of the opinion this point is well taken and should be sustained.

Section 1566, Rev. St. 1913 (Comp. St. 1922, sec. 1515) declares: "A married woman shall not be bound by any covenant in a joint deed of herself and husband." While it has been held that this statute was abrogated by the married woman's act, so far as it attempted to release her from covenants made in a conveyance of property held in her own right, and in which her husband joins, we think the statute still effective to protect her against covenants contained in a deed in which she joins with her husband in a conveyance of property owned by him for the sole purpose of relinquishing such contingent interest as she may have in the premises as wife. See *Pochin v. Conley*, 74 Neb. 429.

The title to the premises conveyed in this instance was exclusively in the defendant Earl Knouse. The defendant Bertha M. Knouse was his wife, and, it not appearing that she had a greater interest, she presumably joined her husband in the conveyance to plaintiff for the purpose only of relinquishing such contingent interest, if any, she may have had in the premises as such wife. In that event she is not liable, and it was error to render judgment against her. The plaintiff, in his brief, does not contend against this objection, and by his silence may therefore be presumed to acknowledge this objection as well founded.

The judgment, therefore, is reversed and the case dismissed as to defendant Bertha M. Knouse, but is affirmed as to the defendant Earl Knouse.

JUDGMENT ACCORDINGLY.