Jᴏʜɴ Hᴀɴᴄᴏᴄᴋ Mᴜᴛᴜᴀʟ Lɪꜰᴇ Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ, Appellant, v. Fʀᴀɴᴋ I. Sᴛᴏᴡᴇ et al., Appellees.

Nꝋ. 41692.

Nᴏᴠᴇᴍʙᴇʀ 22, 1932.

Donnelly, Lynch, Anderson & Lynch, for appellant.

Peisen & Soper, for appellees.

Eᴠᴀɴs, J.—The note in suit was executed in April, 1927. It covered a farm of 320 acres, and was given as security for a loan of $31,500. The defendant Frank Stowe was the absolute owner of the farm. His wife Malinda signed the note and the mortgage. The plaintiff filed its foreclosure petition on January 12, 1932. On November 21, 1931, Stowe leased his farm in two tracts to two lessees for the period of one year from March 1, 1932, to March 1, 1933. Notes were executed by the lessees for the agreed rental and delivered to Stowe, who on November 23 sold them to his wife; Malinda, in consideration of a bona-fide existing debt. Malinda was the holder of such paper at the time of the commencement of the foreclosure suit. Thereafter, and in February, 1932, she transfer-

red them to the interveners herein. That transfer was also bona-fide, and was made in consideration of an existing debt. The plaintiff's mortgage contained the usual pledge of rents and profits during the year of redemption. Such pledge was couched in appropriate language. The order denying relief to plaintiff was not predicated upon any defect of form in the mortgage.

Reduced to its simplest form, the question raised is whether the wife Malinda was under disability to take, hold, or transfer said rent notes free and clear of any lien of the plaintiff under its mortgage. The argument for the plaintiff briefly stated is that the wife, having joined with her husband in the note and in the mortgage, must be deemed to have held the notes subject to the same pledge and lien as if they had been held by the husband himself, and that her transfer of the same to the interveners did not divest such lien.

The question presented is one which we have not hitherto encountered. By signing the note with her husband the wife became personally bound for its payment. In that sense the debt was hers as well as his, though as between themselves her suretyship could be asserted. She signed the mortgage. What was the nature and the extent of the obligation incurred by her by such signing? Manifestly she subjected to the payment of the debt every right and interest that she had in or to the mortgaged farm. The interest which she had therein was her inchoate right of distributive share. This was *all* the right she had therein, either present or inchoate. As indicated, the husband was the owner in fee simple. The mortgage contained covenants of title and covenants against incumbrances and clouds. Under such circumstances the signature of the wife to a mortgage with her husband is deemed to be a relinquishment of such dower right and nothing more. She is not bound by covenants of title.

On November 21, the husband had a right to make the leases and to take notes for the rent. He breached no provision of the mortgage thereby. He had an equal right therefore to transfer the notes on November 23, to whomsoever he would. Such transfer breached no provision of the mortgage. It is clear therefore that the wife took the notes at the time of the transfer free and clear of any lien. Did the lien of the plaintiff's mortgage attach thereto upon the bringing of the foreclosure suit? If the husband had retained the notes until the beginning of the foreclosure suit they would have

been subject in his hands to the call of the plaintiff's mortgage as being rents for the ensuing year. By the remedial provisions of the mortgage he had so pledged them. These rents were appurtenant to and an increment of his fee title. The argument for appellant is that, inasmuch as these rents would be subject to the plaintiff's call if they had remained in the hands of the principal mortgagor, they are likewise subject to the same call in the hands of the wife, who joined in the mortgage.

Manifestly the rents were neither appurtenant to, nor an increment of, the dower interest, which the wife relinquished by her signature to the mortgage. At the time of the execution of the mortgage, no rights to future rent inhered in the wife's title. Such right did inhere in the title of the husband. This was doubtless the line of reasoning, which induced the finding of the trial court in favor of the interveners.

We think, however, that the contention of the appellant must be sustained. Though the rents were neither appurtenant to, nor an increment of, the wife's dower, and although no right to future rents inhered in her title at the time of the execution of the mortgage, yet the fact remains that by the terms of the mortgage such rents were specifically pledged to the plaintiff as a part of its remedy. The wife made herself a party to the pledge. True, she had no power of performance at the time she made the pledge. True also that she acquired the rent notes from her husband before plaintiff's lien thereon attached. But her written pledge was in full force and effect when the plaintiff brought its foreclosure suit and asserted its lien. At that time the wife did have power to perform the pledge. The rent notes were in her hand. We see no logical reason for saying that they were more immune in her hand than they would have been if they had remained in the possession of the husband. Both signed the instrument. The pledge looked forward to a future contingency. Prior to the default and the foreclosure, it served no present contractual function. It created no lien. Until default and foreclosure its obligation was a dormant promise without present call on either promisor. When the pledge was signed the potential power of performance was in the husband alone. When, upon foreclosure, the obligation of the pledge called for performance, the wife alone had the power to perform. We see no legitimate differentiation between the obligation of one promisor or of the other to perform the pledge to the extent of his or her power at the

time of its maturity. Though the mortgagee obtained no lien in the first instance upon the rents, or profits, yet it did have the written pledge of both promisors that, subject to the order of the court, it should have a lien on so much of the rents and profits as remained in the hands of the promisors whenever foreclosure was begun. In that sense the rents became available to the plaintiff whether found in the hands of one promisor or of the other. We are not holding that the obligation could have been enforced in a personal action against the wife in the absence of acquisition by her of the subject matter and the retention of the same by her until foreclosure was begun. It follows that by the transfer by the wife to the interveners pending the foreclosure suit, the interveners took subject to the lien of the mortgagee.

The order appealed from is accordingly—Reversed.

ALBERT, KINDIG, BLISS, and CLAUSSEN, JJ., concur.