ESTATE OF MARTIN : MARTIN, Appellant, v. Cox, Administrator w.w.a., and another, Respondents.

*February 7—March 3, 1964.*

For the appellant there were briefs and oral argument by *George H. Moeller* of Milwaukee.

For the respondent executor there was a brief by *James R. Mattison* and *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *James R. Mattison.*

For the minor respondents there was a brief and oral argument by *Van B. Wake* of Milwaukee, guardian *ad litem.*

CURRIE, C. J. The sole issue on this appeal is whether the two land contracts constitute assets in the estate of the deceased, or whether a joint tenancy had been created therein in Alva G. Martin and Emma Martin, his wife, so that the latter became sole owner by right of survivorship upon the death of her husband.

This case is ruled by *Estate of Fischer,* ante, p. 637, 126 N. W. (2d) 596, argued and decided at this assignment.

An ambiguity exists, with respect to both contracts, between the payment clause whereby the purchasers were obligated to make payment "to the vendor," and the clause that stated that the wife of the vendor joined in the contract for the purpose of barring dower. By inserting the names of both husband and wife in the opening clause of the contract naming the vendor, the word "vendor" in the payment clause included both husband and wife. This ambiguity, however, is resolved by invoking the rule enunciated in *Estate of Fischer, supra,* that there is a presumption that the wife of a vendor, who joins in a land contract for the sale of nonhomestead land owned by the husband alone, joins therein solely for the purpose of releasing her inchoate right of dower, absent a showing to the contrary.

The record here is barren of any evidence which would tend to rebut this presumption. In fact it does not disclose that appellant Emma Martin ever requested an opportunity to present such evidence. Appellant's position on this appeal has been that because the payment clause of the contracts had the effect of naming both Alva G. Martin and Emma Martin, his wife, as payees, it follows as a matter of law that a joint tenancy was created. This position is rendered untenable by our opinion in *Estate of Fischer, supra.* Therefore, the order appealed from must be affirmed.

In passing, we deem it advisable to point out to the members of the legal profession, who have occasion to use Form 36, that in a situation where the wife of the vendor is joining in the execution thereof solely to release her dower interest, her name should not be inserted in the body of the instrument as a vendor, as all that is necessary is that she subscribe and acknowledge the contract. This would eliminate the ambiguity that precipitated the instant controversy.

*By the Court.*—Order affirmed.