**J. Garrett BEITZELL**

**v.**

**Bernard L. FRISHMAN.**
**Belle F. Frishman, Appellant.**

**No. 22632.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 27, 1969.

Decided April 14, 1970.

Mr. Peter A. Greenburg, Washington, D. C., with whom Mr. Stanley Klavan, Washington, D. C., was on the brief, for appellants.

Mr. James C. Wilkes, Jr., Washington, D. C., for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and TAMM, Circuit Judge.

BAZELON, Chief Judge:

Appellant is the wife of one Bernard Frishman. She and her husband were defendants below in this suit to recover a broker's commission for an unconsummated sale of real property located in Maryland.[1] Judgment was entered against both Mrs. Frishman and her husband; on this appeal, the husband's lia-

---

1. The parties are agreed that, in consequence, Maryland law should govern here. *See* Restatement, Conflict of Laws § 215.

bility is not contested. Mrs. Frishman, however, maintains that a verdict should have been directed in her favor on the ground that the evidence established that she signed the sales contract not as a party, but for the sole purpose of releasing such dower rights as she might have in the property; and that therefore she is not liable to the broker for his commission. We agree.

■ A wife under Maryland law is entitled to dower in all real property, not held under a joint tenancy, of which her husband was seized during coverture.[2] A transfer of the property by the husband alone cannot operate to bar the wife's claim.[3] Her dower, however, may be released by her own act.[4] Although she may demand consideration for her release, normally the consideration paid her husband for sale of the property is the only consideration received.[5]

■ The usual method of obtaining the wife's release of her dower is to have her sign the contract of sale.[6] Although there seem to be no Maryland cases on the precise point, the general rule is that, when this has been done, it will be rebuttably presumed that her signature on the contract was for the sole purpose of releasing her dower rights.[7]

■ This presumption, however, need not be relied upon in the present case. The contract of sale itself distinguished between the sellers and their wives.[8] Bernard Frishman signed the contract as "Seller," while Mrs. Frishman signed as "Wife of BERNARD FRISHMAN." Beyond this, there is nothing in the record that would indicate the parties understood that Mrs. Frishman was to become an actual party to the sale. In conse-

quence, no finding of liability as to her should have been made, and a directed verdict should have been granted in her favor. The case is reversed with directions to do so.

So ordered.

---

2. Md.Code Ann. art. 45, § 6 (1965). The land underlying the present suit appears to have been held by the husband and another as joint tenants. There is, however, no indication that the parties to the contract believed that Mrs. Frishman was one of the owners.

3. Trotter v. Lewis, 185 Md. 528, 529, 45 A.2d 329 (1946).

4. Md.Code Ann. art. 45, § 12 (1965).

5. Mueller v. Fidelity-Baltimore National Bank, 226 Md. 629, 175 A.2d 789 (1961).

6. *See, e. g.,* Trotter v. Lewis, *supra* note 3, at 537, 45 A.2d at 334.

7. *E. g.,* In re Fischer's Estate, 22 Wis.2d 637, 126 N.W.2d 596 (1964).

8. The printed form contract referred to "seller" and "wife;" the typewritten annex referred indifferently to "seller" or "sellers" and "wife" or "wives."