IN RE ESTATE OF BENJAMIN F. ROBERTS, ALSO KNOWN AS BENJAMIN F. ROBERTS, JR. INA P. ROBERTS, APPELLANT, V. SHRINERS HOSPITALS FOR CRIPPLED CHILDREN ET AL., APPELLEES.

264 N. W. 2d 865

Filed April 19, 1978. No. 41436.

J. L. Zimmerman of Atkins, Ferguson, Hahn, Zimmerman & Hansen, for appellant.

Wright & Simmons and George A. Summer, for appellees.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and COLWELL, District Judge.

WHITE, C. J.

This action revolves around two real estate contracts and the proceeds thereof. Following the death of her husband, appellant Ina P. Roberts was named executrix of his estate. At first, appellant listed the full value of these contracts and a check in payment thereon as assets of her husband's estate. Appellant subsequently altered her position and filed an amended inventory which listed only one-half of the value of these contracts and the check as assets of her husband's estate. Appellant filed a petition with the county court of Scotts Bluff County for approval of her final accounting. Objections to this final accounting were filed by several of the legatees of her husband's will. The county court held that the real estate contracts were assets of the estate of Benjamin F. Roberts. Appellant, in her capacity as executrix and in her individual capacity, appealed from the decree of the county court to the District Court. The District Court held that the real estate contracts and the proceeds thereof were assets of the estate of Benjamin F. Roberts and that appellant had no interest therein, except as provided under her husband's will. Appellant has appealed from the determination of the District Court. We affirm the judgment of the District Court.

The facts are not in dispute. Benjamin F. Roberts was the sole record title holder of certain real estate, which was the subject of the two contracts,

from the date of his marriage to appellant until the date of his death. Except for the two real estate contracts in question, he never signed any instrument which would constitute a conveyance of this real estate.

On January 26, 1973, the first real estate contract was entered into. It provided for a purchase price of $74,000, with $21,000 payable before closing and the balance of $53,000 to be paid in 11 installments over a 10-year period. Purchasers were James and Linda Bourret and Tom and Bonita Broderick. The introductory paragraph named Benjamin F. Roberts, Jr., and Ina P. Roberts, husband and wife, and designated them collectively thereafter as "ROBERTS." The contract stated that, "ROBERTS have this day sold * * * and [the purchasers] have this day purchased from ROBERTS * * *." The obligations and rights throughout the contract run to and from "ROBERTS." Both appellant and her husband signed the contract as "Sellers."

The second contract was entered into on February 7, 1973, the purchasers being John and Wanda Adams. This contract called for a total purchase price of $160,000, with $46,400 due before closing and the balance of $113,600 payable in 11 installments over a 10-year period. The second contract was essentially the same as the first, with both Mr. and Mrs. Roberts named and collectively designated as "ROBERTS"; obligations and rights running to and from "ROBERTS"; and with both appellant and her husband signing as "Sellers."

The same realtor handled both transactions which were both closed on March 12, 1973. On that date, a check was issued by the realtor to "Benjamin F. Roberts and Ina P. Roberts" representing the amount of the closing balance due the sellers, $55,152.25. Mr. Roberts died on March 16, 1973, without having deposited or cashed the check.

The sole question on appeal is whether appellant

has a one-half interest in the real estate contracts and the proceeds thereof as she contends. Appellant's argument, boiled down, is that by her being named in the contracts, she and her husband being referred to collectively as "ROBERTS" in the contracts, the buyers' obligations under the contracts running to "ROBERTS," and her signing with her husband as a seller, therefore, a one-half interest was created in her in the contract and the proceeds thereof. She cites the well-established rule that where a conveyance of property is to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption is that their interests are equal. See Hoover v. Haller, 146 Neb. 697, 21 N. W. 2d 450 (1946).

Appellant's argument is without merit. The real estate contract did not convey or otherwise create any interest in her. She merely joined with her husband who was the sole record title holder of this real estate in the conveyance.

Hendricks v. Wolf, 279 Mich. 598, 273 N. W. 282 (1937), involved a similar factual situation. Plaintiff's husband owned a number of lots in a subdivision. A portion of these lots were sold on land contracts. In all the land contracts plaintiff and her husband were named as vendors in the following manner: "Augustin Hendricks and Gertrude M. Hendricks, his wife, and also in her own right." Following the death of her husband, plaintiff filed suit against the administrator of his estate, contending that she had an interest in the contracts. In affirming a decree for the defendant, the court stated: "Plaintiff further argues that although section 13071 has no application to contracts executed prior to September 5, 1927, nevertheless she is entitled to one-half interest in the contracts theretofore executed. In support thereof she submits that because she joined in the execution of the contracts, an inten-

tion to make a gift to her of a one-half interest therein was established. * * *

"Prior to the execution of any of the contracts, the legal title was held in the name of plaintiff's deceased husband. In the absence of a showing to the contrary, it must be presumed that plaintiff joined in the execution of the contracts for the purpose of barring her inchoate dower rights."

Estate of Fischer, 22 Wis. 2d 637, 126 N. W. 2d 596 (1964), involved an action by a widow to amend the inventory filed in the estate of her deceased husband to strike therefrom a land contract. The court held that the contract was properly included as an asset of the husband's estate. The land involved was in the name of the husband. Both the husband and the wife were named in the contract as vendors and payments thereunder were payable to vendors. The court adopted the presumption of Hendricks v. Wolf, *supra*, and stated: "As enunciated by the Michigan court, this presumption, that the wife joined the land contract solely to release her inchoate right of dower, is clearly a rebuttable one * * *. Evidence sufficient to rebut the presumption would necessarily have to be either special language inserted in the contract tending to establish an agreement between the husband and wife vendors that the wife was to share in the ownership of the payments to be made by the vendee thereunder, or evidence that the contract tended to prove such an agreement." See, also, Estate of Martin, 22 Wis. 2d 649, 126 N. W. 2d 549 (1964).

Pauley v. Knouse, 109 Neb. 716, 192 N. W. 195 (1923), involved an action for breach of warranty on a deed. The question was whether the wife, who also signed the deed, was jointly liable with the husband. The court held that she was not, stating: "The title to the premises conveyed in this instance was exclusively in the defendant Earl Knouse. The defendant Bertha M. Knouse was his wife, and, it not

appearing that she had a greater interest, she presumably joined her husband in the conveyance to plaintiff for the purpose only of relinquishing such contingent interest, if any, she may have had in the premises as such wife." See, also, Pochin v. Conley, 74 Neb. 429, 104 N. W. 878 (1905).

We start then with the presumption that appellant joined in these real estate contracts with her husband, who was the sole record title holder of the subject real estate, during the course of their marriage, in order to bar any interest she may have had in the subject real estate. Was this presumption rebutted? We believe not.

We find no special language in the contracts indicating that appellant was to own the proceeds thereof jointly with her husband. While appellant's evidence shows a general pattern of sharing, as is not unnatural, between appellant and her husband, we find no evidence of any specific agreement that appellant was to share in the proceeds of these contracts.

The evidence indicates that appellant's husband attempted to deposit the realtor's check in a joint bank account maintained with appellant. He died, however, before he could accomplish this. Viewed most favorably for appellant, this merely shows a present intention on his part to make a future gift. Had he succeeded in depositing the realtor's check, and any other checks from those contracts, into his joint account with appellant, then she would, upon such deposit, have acquired an interest in those proceeds actually deposited. Death, however, intervened and frustrated whatever plans her husband may have had in this regard.

Other contentions raised by the appellant have been examined and are found to be without merit. The District Court correctly concluded that the full value of the two land contracts and the proceeds thereof should be included as assets of the estate of Benjamin F. Roberts, Jr., deceased.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.