CHARLES R. WELLONS v. ISABELLA R. HAWKINS and MECHANICS AND
    FARMERS BANK, EXECUTOR OF THE ESTATE OF JAMES T. HAWKINS,
    DECEASED

No. 7914SC751

(Filed 15 April 1980)

1. **Husband and Wife § 5— property owned by husband—wife's joinder in
   deed—no obligations incurred by wife**

   When a wife joins her husband in the execution of a deed to convey prop-
   erty owned solely by him merely to release her inchoate right of dower, she
   neither is a grantor of the premises nor incurs any obligation by representa-
   tions or covenants in the deed.

2. **Husband and Wife § 5— property owned by husband—wife's joinder in
   deed—whether wife received proceeds—no issue of material fact**

   Where plaintiff alleged that he purchased land from defendant and her
   husband who subsequently sold the land to another purchaser, and it was un-
   disputed that the husband only owned the land and that defendant wife joined
   in the execution of the deed, but the question of whether defendant received
   any portion of the purchase price from plaintiff was disputed, defendant's mo-
   tion for summary judgment was properly granted since the issue as to wheth-
   er defendant received any portion of the proceeds was not a material fact.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered
8 May 1979 in Superior Court, DURHAM County. Heard in the
Court of Appeals 28 February 1980.

James T. Hawkins and his wife, Isabella R. Hawkins, jointly
executed a deed to a tract of land owned solely by Mr. Hawkins
to Charles R. Wellons on 20 November 1961. The deed, not filed
until 26 August 1963, is recorded in Deed Book 295, page 148,
Durham County Registry. By a subsequent deed, dated 14 August
1963 and filed 16 August 1963, prior to recordation by Mr.
Wellons, Mr. and Mrs. Hawkins conveyed to Roberts Construction
Company, Inc. the same real property. This deed is recorded in
Deed Book 294, page 702, Durham County Registry.

Mr. Wellons began this action against Mr. and Mrs. Hawkins
in August 1966, alleging that he had purchased land from them
with full covenants of warranty, that he had taken possession of
the property and made improvements, and that while he was in
the process of building a house on the property, defendants con-
veyed the same property to another party. He sought damages of
$75,000 from defendants.

Four years later defendants answered, admitting the deed to
Roberts Construction Company, Inc. but denying they deeded the

lot to Mr. Wellons. They further answered that he never gave any consideration for the alleged deed. Mr. Hawkins died testate 22 February 1977, seven years later, and his executor, Mechanics and Farmers Bank, was substituted as a party defendant. Two years later, Mrs. Hawkins moved for summary judgment on the grounds that she had no interest in the property except her potential right to an elective life estate in it, and that she had only signed the deed in compliance with N.C.G.S. 39-7 to release his inchoate right. On the basis of affidavits, other documents and argument of counsel, Judge Farmer granted Mrs. Hawkins's motion for summary judgment and dismissed plaintiff's action as to her. Plaintiff appeals.

*Nye, Mitchell, Jarvis & Bugg, by Jerry L. Jarvis, for plaintiff appellant.*

*Malone, Johnson, DeJarmon & Spaulding, by LeMarquis De-Jarmon, for defendant appellee.*

MARTIN (Harry C.), Judge.

Once again, we are asked by an appellant to review the decision of the trial court granting an appellee's motion for summary judgment. In this case, we agree that the decision was appropriate, and affirm. This action, instituted in 1966, proceeded for fourteen years at a somewhat leisurely pace through the courts of Durham County.

It is an uncontested fact that prior to his marriage to Mrs. Hawkins, Mr. Hawkins was the owner in fee simple of the property conveyed to appellant. It is also undisputed that Mrs. Hawkins joined in the execution of the deed.

[1] In *Maples v. Horton,* 239 N.C. 394, 80 S.E. 2d 38 (1954), the Supreme Court of North Carolina recognized the legal principle that when a wife joins her husband in the execution of a deed to convey property owned solely by him, merely to release her inchoate right of dower, she neither is a grantor of the premises nor incurs any obligations by representations or covenants in the deed. The Court quoted the following passage from an Indiana case:

"Her joinder in the deed operated, not as a conveyance, but as a release of her inchoate right (of dower). The whole title

was in the husband. His deed without the wife joining therein would have carried the whole and the perfect legal title. If the husband make a deed of his lands, that deed carries the perfect legal title; and hence the joinder of the wife therein is of no consequence at all, unless she survives the husband. Her joinder in the deed is a release of her right to claim one-third of the land in case she survives the husband, and nothing more."

*Id.* at 400-01, 80 S.E. 2d at 43.

Appellant acknowledges that the case *sub judice* is not an action for breach of covenants. His argument is that Mrs. Hawkins joined in the execution of the deed for a reason other than merely to release her inchoate right to elect a life estate in one-third of her husband's real property as her intestate share. He contends that Mrs. Hawkins received part of the purchase price and other considerations paid by him. He relies upon his affidavit in opposition to Mrs. Hawkins's motion for summary judgment, in which he controverts her sworn assertion that she had received none of "any purchase money or other consideration which may have been given for said deed." His sworn statement included the assertions that he had delivered to "them" the balance of the purchase price and that he personally made a cash payment of $3,000 to "both defendants" at the time of the execution and delivery of the deed.

[2] Both parties admit in their briefs that the question whether Mrs. Hawkins received any portion of the purchase price from appellant is "disputed in the opposing affidavits." Appellant contends that on appellee's motion for summary judgment, it must be assumed and even "deemed admitted" that Mrs. Hawkins shared in the proceeds of the conveyance. Therefore, he argues, the summary judgment motion should have been denied and a jury should have the opportunity to decide whether Mrs. Hawkins signed the deed for a reason other than merely to waive her inchoate rights.

A motion for summary judgment should not be granted if a genuine issue exists as to any material fact. Here, apparently an issue is presented by the affidavits whether Mrs. Hawkins received any portion of the proceeds of the conveyance to appellant, but even assuming that she did, is that a material fact? We do not think so.

Central to appellant's argument is his position that the principle recognized in *Maples v. Horton, supra,* that the wife who joins with her husband in the execution of a deed to convey property owned solely by him does so merely to release her inchoate rights, is a rebuttable presumption. As authority, he refers to a Wisconsin case which adopted the rule earlier enunciated by the Supreme Court of Michigan:

> [T]his presumption, that the wife joined in the land contract solely to release her inchoate right of dower, is clearly a rebuttable one, because it is only to be accorded effect "in the absence of a showing to the contrary."

*Estate of Fischer,* 22 Wis. (2d) 637, 645, 126 N.W. 2d 596, 600 (1964).

Assuming that this presumption is rebuttable, which we do not concede, we think appellant's case falters in the face of the language which directly follows the sentence just quoted:

> Evidence sufficient to rebut the presumption would necessarily have to be either special language inserted in the contract tending to establish an agreement between the husband and wife vendors that the wife was to share in the ownership of the payments to be made by the vendee thereunder, or evidence dehors the contract tending to prove such an agreement.

*Id.* at 645, 126 N.W. 2d at 600.

Appellant's assertions in his affidavit that he made payments to both husband and wife simply do not satisfy this evidentiary requirement upon which he apparently relies. The record is totally silent on any such agreement between Mrs. Hawkins and her husband that she was to share in the ownership of the payments made by appellant.

For this reason, we think that no genuine issue as to any material fact was presented to the trial court, and defendant was entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).

Affirmed.

Judges PARKER and HILL concur.