**In the Matter of the ESTATE OF Raymond Willie WULF, Deceased.**

**Appeal of Lucille WULF, Appellant.**

**No. 90–187.**

Supreme Court of Iowa.

June 19, 1991.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for appellant.

Mark J. Smith of Wells, McNally & Bowman, Davenport, for appellees Bruce Shawver and Barry Simpson, executors.

PER CURIAM.

Lucille Wulf appeals from a district court order overruling most of her objections to the final report in the estate of her husband, Raymond Wulf. Lucille challenges only that portion of the ruling dismissing her claim to an undivided one-half interest in the proceeds of a real estate contract that she and her husband executed as sellers during their marriage. We affirm.

Raymond Wulf and his first wife, Dorothy, acquired the real estate that is the subject of this appeal by warranty deed in March 1972. Raymond became the sole titled owner of the property upon Dorothy's death.

On November 10, 1973, Raymond married Lucille.

In August 1978, Elmer Marten made an offer to "Raymond Wulf and wife" to purchase the subject real estate. On February 21, 1979, a contract for the sale of the real

estate was executed. The contract shows that it was entered into between "Raymond W. Wulf and Lucille Wulf, husband and wife, herein called the Seller, and Elmer Marten, herein called the Buyer." The contract was signed by both Raymond and Lucille as seller. The installment payments were made payable to both Raymond and Lucille as well.

On December 12, 1986, Raymond Wulf died. A 1961 will executed by Raymond was admitted into probate. The will provided that his estate would go to his first wife Dorothy Wulf, if she survived him. If she predeceased him, the estate would go to Barry Darwood Simpson. Lucille elected to take against the will of the decedent and receive her statutory share pursuant to Iowa Code section 633.238 (1987).

Lucille claimed, however, in her objections to the final report, that she was entitled to receive outright an undivided one-half interest in the Marten real estate contract as her separate property by virtue of her inclusion in the contract as seller. In addition she claimed all exempt personal property and one-third of all other personal property not necessary for payment of debts. From the court's order denying her any interest in the contract proceeds other than her statutory share in all of the decedent's personalty, Lucille now appeals.

■ It is well settled that a spouse's right to a statutory distributive share is inchoate during the life of the other spouse and merely operates as a burden or encumbrance upon the real estate. *Peddicord v. Peddicord*, 242 Iowa 555, 562, 47 N.W.2d 264, 268 (1951). As such, the spouse holds no interest in the land to convey, but may relinquish or release the contingent interest to a third person. *Id.* at 562, 47 N.W.2d at 268.

■ Lucille contends that her inclusion as a named seller on the Marten contract evidences her agreement to release her statutory share in exchange for one-half of the proceeds due under the contract. The general rule, however, is to the contrary. It appears that courts have generally declined to find that the mere designation of a dower-releasing spouse as a seller under a contract of sale renders that person a joint obligee of the buyer's promise to pay the purchase price. The presence of a spouse's name as grantor in a conveyance of property owned solely by the other spouse is presumed to merely release inchoate rights of dower and nothing more. *Hendricks v. Wolf*, 279 Mich. 598, 602, 273 N.W. 282, 284 (1937); *In re Estate of Roberts*, 200 Neb. 672, 677, 264 N.W.2d 865, 867 (1978); *Pauley v. Knouse*, 109 Neb. 716, 723, 192 N.W. 195, 198 (1923); *Wellons v. Hawkins*, 46 N.C.App. 290, 291, 264 S.E.2d 788, 789–90 (1980); *Estate of Fischer*, 22 Wisc.2d 637, 645, 126 N.W.2d 596, 600 (1964).

■ To defeat this presumption, the burden is upon the challenger to show (1) special language in the contract or deed entitling the nonowner spouse to the payments, or (2) evidence of some other agreement between the spouses regarding joint ownership of the proceeds. *Roberts*, 200 Neb. at 677, 264 N.W.2d at 867; *Wellons*, 46 N.C.App. at 293, 264 S.E.2d at 790. The mere fact that a vendee made payments jointly to both spouses, for example, is insufficient to overcome the presumption for purposes of establishing warranties by the nonowner spouse. *Wellons*, 46 N.C.App. at 293, 264 S.E.2d at 790. This is consistent with the rule in Iowa that a wife who joins her husband on a mortgage concerning property owned by him in fee simple is presumed to do so only for the purpose of relinquishing her dower right. *John Hancock Mut. Life Ins. Co. v. Stowe*, 215 Iowa 324, 325, 245 N.W. 295, 296 (1932). Where, as here, the absence of creditors in the estate causes the surviving spouse's statutory share in the remaining contract balance to approximate the right which was given up by executing the agreement of sale, we find no reason to disturb the district court's refusal to grant her an additional interest in the sale proceeds.

■ Lucille also asserts that Iowa Code section 597.2 prevents the interest she is

claiming from being reduced to writing.[1] We have narrowly interpreted section 597.2, however, not to limit all transactions between husband and wife, but to shield one spouse's dower interest from exploitation by the other. *Young v. Young-Wishard*, 227 Iowa 431, 436, 288 N.W. 420, 423 (1939); *Garner v. Fry*, 104 Iowa 515, 518–19, 73 N.W. 1079, 1080 (1898). The interpretation Lucille advances would effectively rewrite the probate code to expand the distributive share from one-third to one-half whenever a nonowner spouse joins in a conveyance. We reject the argument because it is contrary to both the prevailing authority and our statutory scheme of distribution.

In summary, the record before us is insufficient to establish that Raymond conveyed any ownership interest in the Marten contract to Lucille. The district court was correct in concluding that Lucille's inclusion as seller merely affected a relinquishment of her statutory spouse's share. Accordingly, we affirm the district court.

AFFIRMED.

---

1. The statute provides:

When property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between them, nor such interest as will make the same liable for the contracts or liabilities of the one not the owner of the property, except as provided in this chapter.