Wolfgang EUL, Plaintiff–Appellant,

v.

Lula BEARD and Jeffries Abstract and Title Company, a Missouri corporation, Defendants–Respondents.

No. 23766.

Missouri Court of Appeals, Southern District, Division Two.

June 29, 2001.

Stuart H. King, William H. McDonald & Associates, PC, Springfield, for Appellant.

Tyce S. Smith, Smith Dunbar Turley, Waynesville, for Respondent.

GARRISON, Judge.

The issue in this case is whether a spouse is liable for the return of earnest money paid under a real estate sales contract signed by her and her late husband, as sellers of property owned by her husband only. We hold that under the circumstances here she is, and reverse the judgment of the trial court.

Wolfgang Eul ("Plaintiff") entered into a contract to purchase sixteen acres of real estate in Laclede County, Missouri owned by Murrel Beard ("Mr.Beard"). The contract, signed by Mr. Beard and his wife, Lula Beard ("Defendant") as "Sellers," provided for a purchase price of $32,000 and required that "Sellers" build a five-

acre lake on the property. The contract was subsequently amended twice by documents signed by Plaintiff, as well as by Mr. Beard and Defendant, in which the size of the lake to be constructed was enlarged, the number of acres being purchased was increased, and the closing date was extended. In conjunction with this transaction, Plaintiff paid a total of $17,000 as earnest money; $11,000 to Jeffries Abstract and Title Company ("Jeffries Abstract"), and $6,000 by a check payable to "Mr. & Mrs. Murrel Beard," and endorsed by them individually. The lake to be built on the property was not completed before the extended closing date and the transaction was never closed. The parties agree that the contract and its amendments have terminated.

Plaintiff brought this suit against Defendant [1] and Jeffries Abstract seeking a return of the earnest money paid. After a trial by the court, a judgment was entered for Plaintiff against Jeffries Abstract for $11,000, but the court found for Defendant on Plaintiff's claim against her. In doing so, the trial court found that Mr. Beard was the owner in fee of the subject property; Defendant signed the first contract only at the request of Plaintiff; the scrivener of the contract testified that she only placed Defendant's name on the contracts in order "to devise whatever marital interest that she might have"; and there was no evidence supporting the proposition that Defendant executed the contracts for any other reason than to transfer what marital interest she might have. The court noted that if a deed had been executed and delivered, Defendant would not have been subject to enforcement of the covenants in the deed because of the provisions of Section 442.030,[23] and in addition, any obligations of the parties under the contract would have been discharged and merged in the deed, citing *Boatmen's Nat'l Bank of St. Louis v. Dandy*, 804 S.W.2d 783 (Mo.App. E.D.1990). Finding no case in point from Missouri, the trial court cited cases from other jurisdictions, and concluded that "[i]f a spouse simply extends a courtesy to her or her [sic] spouse in executing a contract for conveyance that spouse should not liable [sic] under the contract or able to receive the benefits of that contract. There is no evidence to show any other basis for the execution of the subject contract other than to transfer title to whatever marital interest the Defendant had in the real estate. Therefore, [Defendant] is not liable to [Plaintiff] under the contract." This appeal followed.

Appellate review of a judgment in a court-tried case is that established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] *Morgan Publ'ns, Inc. v.*

1. Mr. Beard had since passed away.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. Section 442.030 provides:

A husband and wife may convey the real estate of the wife and the wife may relinquish her dower in the real estate of her husband, by their joint deed acknowledged and certified as herein provided. And any covenant expressed or implied in any deed conveying property belonging to the wife shall bind the wife and her heir to the same extent as if such wife was a femme sole. But no covenant in any deed conveying property belonging to the wife shall bind the husband, nor shall any covenant in any deed conveying the property of the husband bind the wife except so far as may be necessary to effectually convey from the husband or wife, so joining therein and not owning the property, all the right, title and interest expressed to be conveyed therein; provided, however, that where the property conveyed is owned by the husband and wife as an estate by the entirety, then both shall be bound by the covenants therein expressed or implied.

4. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form, in Rule

*Squire Publishers, Inc.*, 26 S.W.3d 164, 172 (Mo.App. W.D.2000). Pursuant to this standard, we are to affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Credibility of witnesses and the weight given their testimony is for the trial court to determine. *Smith–Scharff Paper Co., Inc. v. Blum*, 813 S.W.2d 27, 28 (Mo.App. E.D.1991). No such deference applies, however, when the law has been erroneously declared or applied. *In re Marriage of Fry*, 827 S.W.2d 772, 776 (Mo.App. S.D.1992).

■ Plaintiff presents three points relied on in this appeal. One of those points, *i.e.* that the judgment was not supported by the evidence and/or was against the weight of the evidence because Defendant failed to present any evidence of her intention with respect to the execution of the contract, is not supported by the citation of any authority and no explanation is given for its absence. Under such circumstances, we consider that point as abandoned. *Emery v. Emery*, 833 S.W.2d 453, 455 (Mo.App. S.D.1992).

Plaintiff contends, in another of his points, that the trial court erred in entering judgment for Defendant because it "erroneously applied the law in that the trial court's ruling that a wife who enters into a real estate contract to transfer real property titled solely in the name of her husband is not liable for the breach of the terms and provisions of said contract is unsupported by Missouri law and is contradictory to Missouri Revised Statues Section 442.030." As pointed out by Plaintiff, § 442.030 applies only to a "deed" and does not purport to affect rights under a contract relating to the property of one spouse. The trial court, however, was

"troubled by the anomaly presented in this case," whereby if a deed had been executed and delivered, Defendant would not have been subject to enforcement of the covenants in that conveyance because of § 442.030.

Finding no Missouri cases directly on point, the trial court relied on five cases from other jurisdictions to support the result reached below, i.e., *Matter of Estate of Wulf*, 471 N.W.2d 850 (Iowa 1991); *In re Fischer's Estate*, 22 Wis.2d 637, 126 N.W.2d 596 (1964); *Maples v. Horton*, 239 N.C. 394, 80 S.E.2d 38 (1954); *Hendricks v. Wolf*, 279 Mich. 598, 273 N.W. 282 (1937); and *Wellons v. Hawkins*, 46 N.C.App. 290, 264 S.E.2d 788 (1980). Defendant relies on the same cases here. All of those cases are distinguishable from the instant case.

*Maples* was a suit by the widow of the deceased owner of subdivision lots seeking to enforce restrictions concerning some of those lots conveyed by a deed signed by her and her late husband. In holding that plaintiff could not enforce the restrictions, the court noted that "authorities seem to hold that a married woman who joins her husband in the execution of a deed to his property, merely to release her inchoate right of dower, conveys nothing and is not bound by the covenants in such deed." 80 S.E.2d at 42. Like our § 442.030, this language refers to liability under deeds and not that arising from contract.

Another of those cases that involved a deed rather than a contract is *Wellons*. There, both husband and wife signed a deed conveying land owned only by husband. The grantee sued both husband and wife for damages alleging that, contrary to the covenants contained in the deed, they (the grantors) had conveyed the property to another party. The grantors contended

that the grantee never paid any consideration for the deed. After the husband's death, the wife moved for a summary judgment on the theory that she had no interest in the property except her potential right to an elective share of it, and that she signed the deed only to release her inchoate right. The trial court entered a summary judgment for wife. On appeal, the court cited *Maples* for the principle that when a wife joins her husband in executing a deed conveying property owned solely by him, merely to release her inchoate right of dower, she neither is a grantor of the premises nor incurs any obligations by representations or covenants in the deed. *Wellons*, 264 S.E.2d at 789. The grantee argued that the wife did, in fact, join in the deed for a reason other than merely to release her inchoate right in that she received part of the consideration paid by him. The appellate court rejected that argument because there was no evidence of an agreement between the grantors that the wife was to share in the payments made by the grantee. *Id.* at 790. Not only was *Wellons* a case involving a deed, but it also was not a case in which the grantee was seeking a return of money previously paid to the grantors jointly.

The three other cases relied on by the trial court and Defendant involve contracts for the sale of real estate, but are also factually distinguishable from the instant case. None of them involve claims for a return of money paid jointly to both grantors. Rather, they each involve attempts by the spouse of the deceased owner to obtain an ownership interest in contracts for the sale of land.

In *Hendricks*, the widow of the deceased owner of lots in a subdivision sought to be declared the owner of contracts for the sale of lots signed by her and her late husband. The court held that she was not

entitled to ownership of the contracts, and in the process noted that title to the lots had been in the name of her deceased husband only, and that "[i]n the absence of a showing to the contrary, it must be presumed that plaintiff joined in the execution of the contracts for the purpose of barring her inchoate dower rights." 273 N.W. at 284.

In *In re Fischer's Estate*, the husband owned land in his own name, but both husband and wife signed a form contract to sell the property as "parties of the first part." 126 N.W.2d at 598. The contract called for the payments to be made to the "parties of the first part" but all payments were made to husband with "no evidence that he ever accounted to [wife] for any part thereof." *Id.* After husband's death, wife contested the fact that the contract was inventoried in his estate, claiming that she had become the owner of the contract. The court cited *Hendricks* for the principle that the presumption that a wife signs a land contract solely to release her inchoate right of dower is a rebuttable one, and that evidence sufficient to rebut it would have to be either special language in the contract tending to establish an agreement between the husband and wife that the wife was to share in the ownership of the payments made by the vendee thereunder, or evidence "dehors the contract tending to prove such an agreement." *In re Fischer's Estate*, 126 N.W.2d at 600. Finding no such evidence, the court held against wife.

The last of the cases cited by Defendant and relied on by the trial court is *Matter of Estate of Wulf*. There a wife claimed a one-half interest in the proceeds of a real estate contract signed by her and her late husband agreeing to sell land owned solely by husband. The contract was signed by "Raymond W. Wulf and Lucille Wulf, husband and wife, herein called the Seller."

471 N.W.2d at 852. The installment payments under the contract were made to "both Raymond and Lucille." *Id.* Wife argued that her inclusion as a named seller evidenced her agreement to release her statutory share in exchange for one-half of the proceeds due under the contract. In affirming the denial of the wife's claim, the appellate court said that "[i]t appears that courts have generally declined to find that the mere designation of a dower-releasing spouse as a seller under a contract of sale renders that person a joint obligee of the buyer's promise to pay the purchase price." *Id.* As in *Wellons,* the court said that to defeat the presumption that a non-owning spouse joins merely to release inchoate rights of dower, the burden is on the "challenger" to show special language in the contract or deed entitling the no-nowner spouse to the payments, or some other agreement between the spouses regarding joint ownership of the proceeds. *Matter of Estate of Wulf,* 471 N.W.2d at 852.

Other cases that have denied recovery against a wife signing a contract with her husband, the owner, are also distinguishable from the instant case. In *Beitzell v. Frishman,* 427 F.2d 605, 606 (D.C.Cir. 1970), the court noted that while the husband signed the contract as "Seller," his wife signed as "Wife of [husband]," and there was nothing to indicate that the parties understood that the wife was to become an actual party to the sale. In *McDermott v. Ralich,* 188 Minn. 501, 247 N.W. 683, 686 (1933), an action to rescind a real estate sales contract on the basis of fraud, the court held that the wife of the seller was not liable for a return of the money paid under the contract. In doing so, it said she signed only to bar her inchoate right of dower, but it also noted that she *did not receive any of the money. Id.* In the instant case, the money was paid to Mr. Beard as well as Defendant, and Defendant signed the contract which contained no language putting Plaintiff on notice that she intended for her liability under that document to be limited.

■ Unlike the cases cited by Defendant, here we have a suit to recover earnest money paid to both husband and wife by way of a check that they both endorsed. Closer in point to this case is *Gustafson v. Gervais,* 291 Minn. 60, 189 N.W.2d 186 (1971). There, Mr. and Mrs. Gervais sold property to plaintiffs that had previously been purchased by Mr. Gervais under a contract for deed. When Mr. Gervais' vendor cancelled the contract for deed, plaintiffs filed suit against Mr. and Mrs. Gervais to recover amounts they had paid. The court rejected a contention that Mrs. Gervais should not have been named in the suit as "not tenable." *Id.* at 191. It said she signed the contract for deed to the plaintiffs as one of the vendors, and under those circumstances was a proper party and liable for the damages sustained by plaintiffs. *Id.*

We hold that § 442.030 is inapplicable to this case because it applies only to deeds signed by a spouse joining in conveying property belonging to the other spouse. We cannot read into that statute provisions that would protect Defendant from a suit to recover money paid to Defendant and Mr. Beard under the circumstances here. In so holding, we note that § 431.110 provides that "[a]ll contracts which, by the common law, are joint only, shall be construed to be joint and several."

*Illinois Fuel Co. v. Mobile & O.R. Co.,* 319 Mo. 899, 8 S.W.2d 834 (1928), involved a predecessor statute to § 431.110. There, appellant argued that it could not be responsible for coal sold to another company even though the two companies signed a contract which provided that they were purchasing the coal in question and that

they agreed to pay for all coal shipped pursuant to the agreement. Defendant argued that in determining whether a contract is joint or several, courts look not only to the terms, but also consider who and what the parties are, the purposes for which and the circumstances under which it was made, and to the construction given it by the parties themselves. *Id.* at 841. The *Illinois Fuel Co.* court held that defendant was liable under the contract and cited *Hill v. Combs,* 92 Mo.App. 242 (1901), for the proposition that where two or more persons undertake the performance of an obligation, the presumption is that the undertaking is joint; that words of severance are required to produce a several responsibility; and that in the absence of such words the undertaking is joint and not several. 8 S.W.2d at 840. The court held that the contract in question there manifested an intention, by plain and appropriate terms, that the two companies would be jointly bound by the agreement. It said, "In such case the joint promise cannot be made several 'by any doubtful im-

plication or limitations,'" and that *"Express words of severance must appear."* *Id.* at 841. No such language is present in the instant case.

The judgment entered in favor of Defendant is reversed and the case is remanded to the trial court with directions to enter a judgment for Plaintiff against Defendant in the sum of $6,000 on Count I of the petition, and to consider and enter such judgment as it may determine appropriate on Plaintiff's claim for attorney fees and interest under said count. For that purpose, the trial court may determine that it is necessary to take additional evidence on those issues.[5]

PREWITT, J., and BARNEY, C.J., concur.

---

5. Because of our decision on this point, we need not consider Plaintiff's other point on appeal under which he contends that Defendant's assertion that she signed the contract only to transfer her marital interest constitut-ed an affirmative defense which was required to be pleaded. In response to that point, Defendant argues that the issue was tried by implied consent.